(90 South. 834)

No. 23233.

## DOUGLASS v. EQUITABLE LIFE ASSUR. SOC. et al.

(April 4, 1921.   On Rehearing, Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Husband and wife** ⬤➡110—**Insurance** ⬤➡203—**Wife's interest in husband's policy naming her as beneficiary is her separate property, which may be taken from her by change of beneficiary in specified manner where policy so provides.**

Wife's interest in husband's policy naming her as beneficiary is her separate property, with which neither the husband nor the insurer can interfere except as provided by the policy, but such interest may be taken from her by the husband's changing the beneficiary, where policy gives him the right to so do, in the manner specified in the policy.

2. **Husband and wife** ⬤➡171(4)—**Evidence held to show wife's assignment of interest as beneficiary in husband's policy was pledge for his debts.**

In wife's action on husband's policy, naming her as beneficiary, involving issue as to whether wife was entitled to proceeds' as against person to whom husband and wife had assigned policy, evidence *held* to prove that wife had merely pledged beneficiary interest in the policy for husband's debts, in violation of Civ. Code, art. 2398.

3. **Husband and wife** ⬤➡171(1)—**Wife's pledge of beneficiary interest in husband's policy for husband's debts void.**

Under Civ. Code, art. 2398, wife's assignment of her beneficiary interest in husband's policy for husband's debts *held* void as to wife.

4. **Insurance** ⬤➡213, 587—**Assignment of policy without change in beneficiary held not to deprive beneficiary of interest in policy.**

Where husband's policy, naming wife as beneficiary, gave husband the right to change beneficiary in specified manner without wife's consent, the husband's assignment of policy without changing the beneficiary, did not deprive wife of her beneficiary interest in the policy, since such assignment did not effect a change in beneficiary, which could only be made in the manner specified in the policy, but merely transferred to assignee the right to pay premiums and change the beneficiary without her consent.

5. **Insurance** ⬤➡593(1)—**Husband's assignee who kept policy in force by payment of premiums entitled to reimbursement on wife's recovery of proceeds on husband's death.**

Where husband assigned policy naming wife beneficiary, but did not make a change in beneficiary in the manner required by the policy, and where assignee preserved policy by payment of premiums for a period of nine years, the assignee, on wife's recovery of proceeds of policy on husband's death was entitled to be reimbursed for the amount so paid.

### On Rehearing.

6. **Insurance** ⬤➡666—**Amount already paid into court by company deducted from recovery against it.**

Where insurance company had paid into court a sum admitted by it to be due after making a disputed deduction, the decree, on decision adverse to it, would be for only the balance of the policy sum.

7. **Insurance** ⬤➡593(1)—**Husband's assignee's demand for proceeds of policy with interest from husband's death held to warrant award of interest from date of suit on amount of premiums paid by assignee.**

In action on husband's policy, by wife, named beneficiary, against insurer and husband's assignee, where assignee demanded that he be decreed the owner of the entire proceeds of the policy less amount borrowed from insurer with legal interest from the death of the insurer, *held*, that the court, in awarding wife amount due on the policy less amount of premiums paid by assignee, was warranted in giving assignee, in addition to premiums paid by him, interest thereon from the date of the suit.

Provosty, C. J., and O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Helena Machado Douglass against the Equitable Life Assurance Society and another. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

Lazarus, Michel & Lazarus, of New Orleans (Herbert S. Weil, of New Orleans, of counsel), for appellant.

Farrar, Goldberg & Dufour, of New Orleans, for appellee Equitable Life Assur. Soc.

Stirling Parkerson, of New Orleans, for appellee Thiel.

SOMMERVILLE, J. This is a contest between the widow of William S. J. Douglass, late of New Orleans, and the defendants for the proceeds of a certain life insurance policy issued by the Equitable Life Assurance Society to William S. J. Douglass for $5,000, wherein Mrs. Douglass was named as the beneficiary, and which policy had been assigned by the assured during his lifetime to Charles A. Thiel, Jr., who in turn had assigned it to the codefendant company.

Thiel answered that he was the owner of the policy by virtue of the assignment referred to, executed May 19, 1908, by petitioner and her late husband, which assignment had been acquiesced in and approved by the Equitable Life Assurance Society, and that it was executed for a valuable consideration in the form of money loaned and advanced to William S. J. Douglass by respondent, as evidenced by two certain promissory notes dated May 1, 1907, and May 2, 1908, for the sums of $2,000 and $319.55, respectively, said loans or advances now amounting, with interest, to $3,546.67 and $541.11, respectively.

Respondent further alleged that he had paid the premiums on the policy from the year 1907 to the year 1915, both inclusive, being nine years at $159.55 per year, or a total of $1,435.95.

Further answering, Thiel represented that he had borrowed from the said Equitable Life Assurance Society the sum of $840.02; that subsequently, on or about December 19, 1912, said loan was superseded by another loan for $1,145; that respondent assigned the said policy to the Equitable Life Assurance Society to the extent of said loan, as collateral security therefor; and that the said loan now amounts, with interest, to approximately $1,145.63. And he asks for judgment in his favor for the amount due on the face of the policy, less the amount due by him to the Equitable Life Assurance Society on the loan referred to.

Defendant company answered that—

"Because of the right reserved to the assured under the said policy and contract of insurance to change the beneficiary thereof at his will and pleasure, plaintiff acquired no vested right or interest in and to said policy of insurance, and her right, therefore, to the proceeds of said insurance depended upon her continuing as and being the beneficiary under said policy at the time of the death of the assured."

Defendant then set up the assignment made by Douglass and his wife referred to by Thiel in his answer, and said:

"Respondent avers that said William S. J. Douglass and said Helena B. Douglass have by virtue of the premises parted with all right, title, or interest of every nature in and to said policy or the proceeds thereof, and that said Charles A. Thiel, Jr., alone is entitled to collect the proceeds of said policy, less the amount loaned thereon by respondent as below set out."

There was judgment in favor of defendants; and plaintiff has appealed.

The policy sued upon is the ordinary life insurance policy, 20-year period, with this change made, which does not appear in most of the policies adjudicated upon by this court:

"This policy is issued with the express understanding that the assured may, from time to time during its continuance, change the beneficiary or beneficiaries, by filing with the society a written request duly acknowledged, accompanied by this policy; such change to take effect upon the indorsement of the same upon the policy by the society, provided this policy has not been assigned and notice of such assignment recorded on the books of the society, or, if assigned, that all assignments shall have been duly canceled or released on the books of the society."

The policy was undoubtedly the property of William S. J. Douglass, and he had the right during his lifetime to transfer his interest and ownership therein by assignment after due notice to the company. He exercised this right in favor of Charles A. Thiel, Jr.; and Thiel became the owner thereof, and, the evidence shows, paid the premiums

falling due thereon from 1907 to the death of Douglass.·

Douglass did not exercise the right to change the beneficiary which was reserved to him by the policy, and plaintiff continued to be the beneficiary thereon, unless she disposed of that interest in some legal manner.

The case was fully argued orally and on briefs, and there are few points at issue between the parties. They recognized and admitted the distinction so often drawn by the courts of the states between the assignment of a policy and the change of beneficiary, and that the assignment did not carry with it the change of beneficiary. It was argued, for instance, that the intention of Mr. Douglass was to retain his wife as beneficiary so that she might reap the benefit coming to her after Douglass had repaid Mr. Thiel the money advanced by the latter to him, which was covered by the assignment of the policy. And this might well have been the intention of Douglass, for he doubtless expected to repay Thiel the amount advanced to him by the latter.

[1] The interest of Mrs. Douglass as beneficiary named in the policy has long been recognized by the courts of this state, and perhaps by every state in the Union, as being her separate property, not subject to be interfered with in any manner by the assured or insurer. See Lambert v. Insurance Co., 50 La. Ann. 1027, 24 South. 16; Putnam v. Insurance Co., 42 La. Ann. 739, 7 South. 602; Pilcher v. Insurance Co., 33 La. Ann. 322. But the inserting in the contract of the clause giving to the insured the right to change the beneficiary has no doubt reduced the interest of the beneficiary, the wife, from an indefeasible one. See Alba v. Insurance Co., 118 La. 1021, 43 South. 663; Toussant v. Insurance Co., 147 La. 977, 86 South. 415. That interest may now be divested by the act of the husband without the wife's knowledge or consent, provided it is done in the

form expressed in the contract. This was not done by Douglass; and Mrs. Douglass therefore remains the beneficiary of the policy, unless she has parted with that beneficial interest in some legal manner. It was her property, and during the time that it was hers she had the undoubted right to assign it to some one else if she saw fit to do so. And defendants say that she has so assigned her interest as beneficiary, under the following assignment which she entered into, by and with the authorization of her husband, at the time that he assigned his interest as owner to Charles A. Thiel, Jr.:

"For one dollar, to us in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), we hereby assign, transfer, and set over all our right, title, and interest in policy No. 1,015,622, on the life of William S. J. Douglass, issued by the Equitable Life Assurance Society of the United States, and all money which may be payable under the same to Charles A. Thiel, Jr., whose P. O. address is 815 Fulton St., New Orleans, La., and for the consideration above expressed we do also for our executors and administrators guarantee the validity and sufficiency of the foregoing assignment to the above-named assignees his executors, administrators, and assigns; and his title to the said policy will forever warrant and defend.

"In witness whereof I have hereunto set my hand and seal this 19th day of May, 1908.
"[Signed]   Helena B. Douglass.   [L. S.]
"[Signed]   Wm. S. J. Douglass.   [L. S.]

"State of Louisiana, County of Orleans—ss.:
"On this 19th day of May in the year of our Lord 1908, before me personally came Mrs. Helena B. Douglass to me known and known to me·to be the individual described in and who executed the foregoing assignment, and acknowledged that she executed the same.
"[Signed]   James J. Woulfe, Notary Public."

The assignment is in due form, and is complete. It transfers as set forth:

"All our right, title, and interest in policy No. 1,015,622, on the life of William S. J. Douglass, issued by the Equitable Life Assurance Society of the United States, and all money which may be payable under the same, to Charles A. Thiel, Jr."

The interest of Douglass was that of own-

er of the policy; and the interest of Mrs. Douglass was that of beneficiary. They both transferred their respective interests.

But, says Mrs. Douglass, while the assignment on its face is a regular assignment of her interest in the policy, it is really a contract whereby she pledged her beneficiary interest in the policy for her husband's debts, then due and to become due, which the law forbids.

[2] The evidence shows that the position of Mrs. Douglass is correct. Mr. Thiel testified on this point:

"Q. And that on May 18, 1908, that assignment (referring to the one made in 1907 as collateral security) was released, and that on May 19, the next day, Mr. William S. J. Douglass and Helena B. Douglass executed to you an absolute assignment of the policy? A. They executed that absolute assignment of the policy because Mr. and Mrs. Douglass called on me and told me that his finances were such that he would not be able to pay the premiums from then on, and, for that reason, they wanted to give me an absolute assignment until such time as he could get on his feet and would be able to take care of it, and for me to take care of it for him. Q. Then, the consideration of that assignment were the loans which you have testified about? A. Yes, sir."

He also referred in his testimony to money loaned by him for house rent, cook's wages, and servants' hire, all of which were community debts for the security of which Mrs. Douglass could not pledge her paraphernal property. He further wrote a letter to counsel for plaintiff under date of December 11, 1916:

"I hold notes of Mr. Douglass indorsed by him and backed as security in this policy as follows," etc., giving a list of notes.

And in argument it was freely conceded that the policy was given as security for loans made and to be made by Mr. Thiel to Mr. Douglass, and that any balance due after the above loans were paid should go to Mrs. Douglass as beneficiary under the poli-

cy. And, again, on the brief of counsel for the insurance company it is said:

"If, however, the insured, desiring to comply with his creditor's demand for greater protection, executed an absolute assignment of the policy, relying on the creditor's assurance that the surplus, if any, would be paid to the beneficiary, although on its face the instrument would be a complete destruction of the rights of the beneficiary, nevertheless it would be an exercise by the insured of his absolute right to dispose of the policy in one of the methods contemplated by the policy and authorized by law."

[3] The contract of assignment made by Mrs. Douglass in favor of Thiel was made in the face of a prohibitory law as contained in article 2398, Civil Code, and is therefore void and is without any effect as to her. See Lafitte v. Delogny, 33 La. Ann. 659; Chaffe v. Watts, 37 La. Ann. 324.

[4] We may agree with counsel for the defendants that the assured had the absolute right to dispose of the policy in any way contemplated thereunder under the law. But we cannot agree with them in holding that the disposal of the policy by the assured operated against the interests of the beneficiary in any way. It is contended by them that the assured in this instance evidently assigned this policy for an amount in excess of the value thereof to the beneficiary, and has therefore disposed of all her rights thereunder as beneficiary. And they cite authorities sustaining their contention, particularly the case of Mutual Ben. Life Ins. Co. v. Swett, 222 Fed. 200, 137 C. C. A. 640, Ann. Cas. 1917B, 298. But they concede that the right to assign the policy and the right to change the beneficiary are two separate and distinct rights, one resulting from a contract, and the other by appointment only, without the knowledge or consent of any one except the insurance company. In yielding this, it seems clear that until Douglass had acted and appointed another beneficiary in place of his wife that she remained such benefi-

ciary, and her rights as such were in no manner interfered with by any act of the assured in assigning the policy.

It is the settled jurisprudence that, where a policy is made payable to a certain beneficiary, his interest can only be divested in favor of another beneficiary by the insured changing the contract in the manner which the contract points out that it must be changed to effect that result; and it was not so changed in this case. See N. Y. Life v. Murtagh, 137 La. 760, 69 South. 165. We quote from some recent decisions of the courts of other states where this question was under consideration and where it was considered further as to what was assigned when the policy had been assigned to a third person and where the policy reserved to the assured the right to change the beneficiary.

We concur in these views as expressed, and would rest our opinion upon them if the case had not already been decided on other grounds.

In the case of Anderson v. Broad St. National Bank, 90 N. J. Eq. 78, 105 Atl. 599, the court said:

"The bank's claim to the proceeds is rested upon the theory that the insured by reserving the right of revocation retained the absolute ownership of the policies and the right to dispose of them by assignment, and that that right is recognized by the clauses above stated. On the other hand, the beneficiary, admitting that the insured had the power to deprive her of her interest, contends that her right remains undisturbed because the power was not exercised in the manner provided by the 'change of beneficiary' clause, that the assignment was not an appointment of a new beneficiary under this provision, and that the bank took by it only the increments of the policies and the contingent rights of the insured if he outlived the beneficiary. * * *

"There, as here, the right of the beneficiaries was conditional and defeasible. Cooley, Briefs Ins. 3755. Vice Chancellor Garrison, in awarding the proceeds to the beneficiaries, rested his decision upon well-established principles, viz.: That in an ordinary life insurance policy the interest of the beneficiary is vested and cannot be divested without his consent; that,

where a policy reserves the right to the insured to change the beneficiary and prescribes the method, the interest of the named beneficiary can only be defeated by pursuing that method; and that an assignment of the policy by the insured is not a compliance with the requirements for effecting a change of beneficiary and does not accomplish that result. The assignment was featured and given prominence as operating only upon the contingent interest of the insured, and not upon that of the beneficiaries, and the reviewing court regarded this as decisive of the case. * * *

"After a careful examination of the authorities, I am of the opinion that whether the interest be regarded as vested and defeasible, contingent, a mere expectancy, or whatever the characterization may be, if the policy stipulates the course by which the beneficiary's interest is to be nullified, he cannot be deprived of his right unless the prescribed mode for its destruction is followed, and that the assignment * * * by the assured had not that effect. The judgment in the Sullivan Case rests as securely on this as it does on the ground that the assignment by Mrs. Cahill appertained only to her title. The latest authority upon this phase of the law of insurance brought to my attention is Johnson v. N. Y. Life Insurance Co. [56 Colo. 178, 138 Pac. 414] L. R. A. 1916A, 868. * * *

"The doctrine of the text-books and decisions that the insured retains control of the policy and may dispose of it at will, where the right to change the beneficiary is reserved, will be found upon an examination of the cases to be subject to the qualification that the power may be exercised within the prescribed limits of the contract only. The extent of this power is perhaps best illustrated by the rule defining the beneficiary's interest in such circumstances, as laid down in the note and cases referred to in 14 R. C. L. § 171, thus: "Where, however, the right to change the beneficiary to the insured the beneficiary takes subject to this provision, and his title to the policy may be defeated "by the terms of the contract naming him a beneficiary. It is a condition of the contract and his right is therefore subject to it"' * * *

"The case of Mutual Beneficial Life Ins. Co. v. Swett, in the United States Circuit Court of Appeals, reported in 222 Fed. 200, is strongly urged by the bank as supporting its position and to which I will briefly refer. The wife was the beneficiary, and a bank held the policy by assignment to secure money loaned to the insured. The wife had joined her husband in

the assignment, and the question of its office and efficacy came before the court, in a dispute over the fund, on the effort of the wife to avoid the assignment on the grounds that as to her it was without consideration, and that she was a surety only, and that the lien acquired by it was released by extensions of time, without her consent, of the notes which it was given to secure. The statement of facts discloses that the policy by its terms was assignable, and also that it reserved to the insured the right to change the beneficiary. The court, in sweeping aside the contentions, declared that, as the ownership of the policy was in the insured, and the absolute right to assign it was lodged in him, and as the wife's interest was inchoate, a mere expectancy, she parted with nothing of appreciable value entitling her to a consideration, and that she did not become surety for her husband because she had nothing to pledge. The formula reserving the power of disposition to the insured does not appear, but that it was something apart from the right to change the beneficiary, and independent of it, seems clear from the opinion, an opinion in entire accord with well-established doctrines, and is emphasized by what the court said in declining to determine whether the assignment amounted to a change of beneficiary: 'The assignment of a policy and a change of beneficiary are not the same, but different, things. An assignment is the transfer by one of his right or interest in the property to another. It rests upon contract, and, generally speaking, the delivery of the thing assigned is necessary to its validity. The power to change the beneficiary is the power to appoint. The power of appointment must be exercised in the manner agreed upon in the contract of insurance. Nib. Ben. Soc. & Acc. Ins. (2d Ed.) § 173. Swett made an assignment of the policy. He did not exercise, or attempt to exercise, the power to appoint another beneficiary.' "

In the case of Johnson v. N. Y. Life Ins. Co., 56 Colo. 178, 138 Pac. 414, L. R. A. 1916A, 868, it is said:

" * * * Where the policy contains no provisions for a change of the beneficiary, the general rule is that the policy and the money to become due under it vests immediately in the person named as the beneficiary, and that this interest, being vested, cannot be transferred by the insured to any other person without the consent of the named beneficiary. * * *

"This does not hold true, however, where the contract of insurance provides (as this one does) that the insured may change the beneficiary. In policies like this the general rule is that the beneficiary has an interest in the policy, which, while subject to be defeated by a change of beneficiary, can be defeated only in the manner prescribed in the policy, the charter, or by-laws of the company or by statute. * * *

"In Arnold v. Empire Mutual Life Ins. Co. [3 Ga. App. 685, 60 S. E. 470] the court says: 'The beneficiary of an insurance policy has a vested right in the contract of insurance, which cannot be diminished or affected by subsequent agreements between the insurer and insured, which are not stipulated or provided for in the original contract. The vested right of the beneficiary is subjected to be divested only in accordance with express provisions of the contract permitting a change of beneficiary.' * * *

"We deem it unnecessary to determine whether the clause in this policy permitting an assignment was for the benefit of the insured or the beneficiary, or both, or, if for the insured, whether the facts alleged are sufficient to constitute such an assignment, for the reason, if they were all determined in favor of the plaintiff, it is elementary that the insured could not, by assignment or otherwise, transfer to the plaintiff any greater right or interest in the policy than that of which he was possessed. If such an assignment were permissible and is valid, then her rights were limited to what his were prior to the assignment. Without determining what his rights were, the language might be construed to mean that the insured reserved the right to allow the policy to lapse automatically on the nonpayment of premiums, to secure a paid-up policy for a certain amount, to surrender it and secure its cash value, to change the beneficiary in the manner provided in the policy, or to assign his interest, thereby giving to the assignee these same privileges pertaining to its disposition. If the alleged assignment is valid, it is conceded that no attempt was made by the assignee to make any disposition of the policy during the lifetime of the deceased.

"The rights of a designated beneficiary under a life insurance policy are fixed by the facts existing at the time of the death of the insured. * * *

"The pertinent question is, Who was the beneficiary at the time of the death of the insured? The policy was then in force and there was in existence a designated beneficiary named in the policy; there had been no change in this respect; no action had been taken by any one concerning its surrender or cancella-

tion. Under such circumstances the beneficiary designated in the policy is entitled to receive the money in harmony with the terms of the contract; to hold otherwise would be inconsistent with the great weight of authority, as well as violative of well-settled principles pertaining to contracts of insurance."

This case is annotated in L. R. A. 1916A, 868; and it also contains references to the cases of Indiana National Ins. Co. v. McGinnis, 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192, and Holland v. Taylor, 111 Ind. 121, 12 N. E. 116, both of which support it. See, also, Sullivan v. Maroney, 76 N. J. Eq. 104, 73 Atl. 842.

Again, the Colorado court, in Muller v. Penn. Mut. Life Ins. Co., 62 Colo. 245, 161 Pac. 148, said:

"We have again given this matter careful consideration, and are of opinion that under the circumstances here disclosed Mr. Muller did not, by this assignment, make a change of beneficiary or do other than transfer his expectancy and the rights then held by him therein under the terms of the policy. It will be observed that his assignment states:

" 'I hereby sell, assign, transfer, and set over all my right, title, and interest whatsoever of, in, and to policy No. 558097.'

"It follows that the execution and delivery of this assignment did not, under the terms of the policy, operate to change the beneficiary named in the policy, and that the instrument itself exhibited no such intent, and that the insured could not, by this method, have done so had he desired. As stated in the New York Life Case, which is supported by the overwhelming weight of authority:

" 'In policies like this the general rule is that the beneficiary has an interest in the policy, which, while subject to be defeated by a change of beneficiary, can be defeated only in the manner prescribed in the policy, the charter or by-laws of the company, or by statute.'

"It is conceded that this was not done; the assignment makes no mention of an intention to change the beneficiary. It is limited by its own wording to the right, title, and interest of the insured. In such case the assignment merely transfers the then interest of the insured therein to be determined by the terms of the contract. * * *

"We think this declaration specially applicable here, as well as sound, which is practically the same as announced in the New York Life Case, and call attention to the further fact that, if this assignment was intended to work a change of beneficiary the other terms of the policy in that respect were not complied with, that is, no notice was given to the company and no indorsements made, etc., until after the death of the insured. As stated in the New York Life Case, the beneficiary cannot be divested as such unless it is done in the manner prescribed in the policy, the charter or by-laws of the company, or by statute. This policy, having provided a method, states that such change shall be made in writing and shall be valid only upon its indorsement on this policy by the company at its home office. In such case, as stated in many cases, this excludes all other methods. An examination of the authorities which hold that an assignment was intended to and did cause a change of beneficiary is in cases where the policy did not provide for any particular method for making such changes," etc. * * *

[5] Coming now to the consideration of the premiums paid by Thiel during the nine years that he had the policy under the assignment by Douglass to him, he must be reimbursed for same. He did not loan this money to Douglass, but paid the premiums himself, and thus preserved the policy in force and effect. And he is entitled to be reimbursed the amount paid therefor.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of Mrs. Helena Machado Douglass, plaintiff, condemning Charles A. Thiel, Jr., to deliver possession of the policy in question to petitioner on payment by her of $1,435.95, and that there be judgment in favor of plaintiff and against the Equitable Life Assurance Society of the United States in the full sum of $5,000, with interest from judicial demand, with costs.

O'NIELL, J., concurs in the result.

PROVOSTY, J., dissents.

DAWKINS, J., takes no part.

## On Rehearing.

DAWKINS, J. It appears to be conceded by the defendants that, if the making of the wife the beneficiary under the policy in this case gave her a vested property right therein, then, under the Louisiana law, she could not pledge or bind the same for her husband's debts, in view of the provisions of the Civil Code. The denial of the existence of a property right is based upon the fact that the insured was given the right to change the beneficiary at will, subject to which the stipulation in favor of the wife was made. The contention is, that since the husband had the power to defeat or destroy her claims altogether by so changing the beneficiary, he could do the same thing by an assignment of the policy, which was more to her advantage since it left in her the right to claim the residue of the proceeds of this policy after the obligation for which the assignment was made had been satisfied.

The policy was a contract between the insurer and insured for the benefit of the wife, and so long as the relation thus established continued the right to receive the proceeds upon the death of her husband was a right which inured to the benefit of her paraphernal estate. Succession of Kugler, 23 La. Ann. 455; Pilcher v. Ins. Co., 33 La. Ann. 322; Putnam v. Ins. Co., 42 La. Ann. 740;[1] Lambert v. Ins. Co., 50 La. Ann. 1027;[2] Putman v. N. Y. Life Insurance Co., 42 La. Ann. 739, 7 South. 602; Succession of Desforges, 135 La. 58, 64 South. 978, 52 L. R. A. (N. S.) 689; Breard v. Ins. Co., 138 La. 774, 70 South. 799. It is true that this interest was defeasible, in that the husband might change the beneficiary and thereby defeat it; but that was the only way, without her lawful consent, in which it could be done.

The company promised that it would "pay his wife, Helena B. Douglass, if living, if not, then to the assured's executors, administrators, or assigns, subject to the privileges and conditions stated on the second and third pages hereof, which form a part of this contract as fully as if recited at length over the signatures hereto affixed." And on the second page the following provisions with regard to the change of beneficiary appear, to wit:

"V. Change of Beneficiary. This policy is issued with the express understanding that the assured, may, from time to time during its continuance, change the beneficiary or beneficiaries, by filing with the society a written request duly acknowledged, accompanied by this policy, such change to take effect upon the indorsement of the same on the policy by the society, provided this policy has not been assigned and notice of such assignment recorded on the books of the society, or, if assigned, that all assignments shall have been duly canceled or released on the books of the society."

In order to obtain the results to flow from the change of a beneficiary, i. e., the obliteration of plaintiff's rights as such, it was necessary that the specific forms and requirements of the provision just quoted should be complied with, that is, a written request duly made by insured and the change of beneficiary indorsed upon the policy, as a consequence of which "such change" was "to take effect."

Defendants' counsel say that the proviso in the paragraph quoted that the change of beneficiary could be made if no prior assignments had been given necessarily implies the power to assign on the part of the insured, even without the consent of his wife. We do not think so. Allowing this language its fullest import, we think it means that the parties having a beneficial interest thereunder might assign the interests so held respectively. The insured might assign his rights separately, consisting of the duty of paying the premiums and the privilege of changing the beneficiary without the consent of his wife; the wife could assign her rights as beneficiary; or both together could assign

all of their rights in a transaction to which she could lawfully be a party. For instance, they could have together sold or transferred all of the rights to a third person for cash or a present consideration; but the contract in this case, under the peculiar provisions of the law of this state, was the only one which could not be made, that is, so far as the wife was concerned, and that was the giving or pledging of her property for the husband's debts. R. C. C. art. 2398. Her consent, therefore, was no consent at all. Id. art. 12. The net consequence was that the assignment conveyed only the right of the husband, which was to change the beneficiary; but this was never done, and plaintiff stands to-day as the beneficiary under the policy.

We deem it unnecessary to review the many decisions of the other states cited in the briefs, for it is well settled in this state that the wife named as the beneficiary in a policy on the life of her husband has a property right therein, which can only be divested in the manner prescribed by the terms of the policy; and, if those provisions are not complied with, her rights remain unaffected. Breard v. N. Y. Life Ins. Co., 138 La. 774, 70 South. 799.

[6] Counsel for defendant have called our attention to the fact that the insurance company paid into court the sum of $3,858.66, admitted to be due by it after deducting a loan made by it to defendant Thiel, and ask that said company be condemned to pay only the balance if the decision be adverse to them. This position appears to us to be well founded, and our decree will be amended accordingly.

[7] Counsel for defendant Thiel also contends that he is entitled to receive interest on the amount for which he was given judgment in our former decree, as the sums paid as premiums to keep the policy alive, at the legal rate from judicial demand. We find that the prayer of his answer asks that he be decreed the owner of the entire proceeds of the policy, less the sum borrowed from the insurance company, with legal interest from the date of the death of the deceased.

If the decree awards him any part of the proceeds of the policy, it should draw interest from judicial demand, for we think a claim of the whole includes a part, and, though the interest is for an earlier period, it is sufficient to include a demand for interest from the date of the suit.

For the reasons assigned, our former decree is amended so as to read as follows: The judgment appealed from is annulled and reversed, and there is now judgment in favor of plaintiff decreeing her to be the beneficiary under the policy and entitled to its proceeds, that out of the funds deposited in court, to wit, $3,858.66, defendant Thiel be paid the sum of $1,435.95, with legal interest from January 2, 1916, and that the remainder thereof be paid over to plaintiff. It is further ordered that there be judgment in favor of plaintiff and against the Equitable Life Assurance Society in the further sum of $1,141.34, with legal interest from judicial demand until paid.

The costs are to be paid equally by the defendants.

PROVOSTY, C. J., and O'NIELL, J., dissent.