147 So. 359

**NULSEN v. HERNDON.**

No. 31934.

March 27, 1933.

Dickson & Denny, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

ODOM, Justice.

Plaintiff prosecutes this appeal from a judgment dismissing his suit on an exception of no cause of action.

The facts as disclosed by the petition, which we accept as true for the purposes of the exception, are that plaintiff is the agent of a life insurance company which issued two policies on the life of C. C. Herndon, one for $20,000 and the other for $25,000, in each of which the defendant, Mrs. Mattie S. Herndon, the wife of the assured, was named as beneficiary. Plaintiff paid the first premiums on these policies and took from C. C. Herndon, the assured, his two promissory notes representing the amounts paid. The maker of the notes died without having paid them. Mrs. Herndon collected the policies and now has the proceeds.

Plaintiff sued Mrs. Herndon for the amount of the notes. It is not alleged that

she assumed payment of the notes or that she was an heir of C. C. Herndon, nor is it alleged that this is a community debt for which she is in any way bound. Plaintiff bases his right of recovery against Mrs. Herndon on the proposition that being the beneficiary and having collected the policies and being now in possession of the proceeds, she must pay the amount of the notes. His contention is that the payment of the premiums on the policies by him for the assured, C. C. Herndon, was an advance payment made on or against the said policies and that under Act No. 88 of 1916, page 206, the proceeds of the policies are not exempt. The said act provides:

"That the proceeds or avails or dividends of all life, including fraternal or co-operative, health and accident insurance, shall be exempt from all liability for any debt, except for a debt secured by a pledge of policy, or any rights under such policy that may have been assigned; *or any advance payments made on or against such policy*." (Italics ours.)

(1) The proceeds of life insurance policies made payable to a named beneficiary form no part of the estate of the deceased, but belong solely and exclusively to the beneficiary, "directly and by the sole terms of the policy itself." Furthermore, the proceeds of a policy of insurance on the life of the husband, and made payable to his wife, belong exclusively to her and form no part of the community of acquets and gains which existed between them. Pilcher v. New York Life Ins. Co., 33 La. Ann. 322; Putnam v. New York Life Ins. Co., 42 La. Ann. 739, 7 So. 602; Lambert, Widow v. Penn Mutual Life Ins. Co., 50 La. Ann. 1027, 24 So. 16; Kelly v. Kelly, 131 La. 1024, 60 So. 671; Succession of Desforges, 135 La. 49, 64 So. 978, 52 L. R. A. (N. S.) 689; Douglass v. Equitable Life Assur. Soc., 150 La. 519, 90 So. 834; Sizeler v. Sizeler, 170 La. 128, 127 So. 388; Sherwood v. New York Life Ins. Co., 166 La. 829, 118 So. 35.

The proceeds of these policies belong to Mrs. Herndon exclusively. The amount which she collected from the insurance company is her separate property. It is not alleged or contended that she is bound for the debts of her husband, nor is it contended that the debt evidenced by the notes sued on is a debt of the community for which she or her separate property is bound. Neither is it contended by plaintiff that he has any pledge or privilege on the proceeds of the policies. But the contention is that the payment of the premiums on the policies was "advance payments made on or against the policies," and that in as much as Mrs. Herndon was the beneficiary she must pay the so-called advances out of the proceeds. In other words, that the "proceeds" are not exempt from the payment of this debt under the act above cited.

Plaintiff's contention would be well founded if the payment of the premiums on the policies by him was in fact an advance payment made on or against them. But we do not construe the payment as coming within the exception contained in the act. The payment of the premiums on the policies in the manner alleged was in effect a payment of them by the assured himself. While the plaintiff actually made the payment, yet he did so under an agreement with the assur-

ed that he was to be reimbursed the amount so paid, as is evidenced by the fact that the assured executed his notes for the exact amount of the premiums. The transaction between plaintiff and the assured was in effect an advance or loan made to the assured by the plaintiff.

Plaintiff was a stranger to the contract between the assured and the insurance company, as much so as would have been any other person lending the assured the amount to pay the premiums.

■ "A stranger who voluntarily pays a premium upon a policy on the life of another, can not recover the same of the beneficiary, and he has no lien upon the proceeds of such insurance which he has collected as the agent of the beneficiary." Joyce on Insurance (2d Ed.) vol. 2, page 1861.

It is perfectly clear that the transaction between plaintiff and C. C. Herndon, the assured, was nothing more nor less than a loan made of sufficient funds to pay the premiums. It was a transaction with which neither the insurance company nor the beneficiary had anything to do. The assured personally obligated himself to reimburse plaintiff the amount he advanced to pay the premiums. The policies themselves were not involved in the transaction. The payments were not made on or against the policies but were made to procure their issuance.

■ In Succession of Erwin, 169 La. 877, 126 So. 223, 224, this Court said, referring to the above cited act,

"There is no ambiguity in the language used, and scarcely any room for interpretation. The plain meaning is that the avails or proceeds of an insurance policy are exempt from the debts of the insured—cannot be made subject to the payment of his debts. In other words, the creditors have no claim whatever on the insurance."

There are, however, three exceptions to the exemption. One is of a debt secured by pledge of the policy, another is of any rights under a policy which may have been assigned, and still another which relates to a debt for "any advance payment made on or against the policy."

■ Plaintiff contends that his claim falls under the last exception. We do not think so. The "advance payments made on or against such policy" relate to payments or advances made by the insurer to the assured or the beneficiary under the terms of the policy and not to such advances or payments made on the policy by those who are strangers to the contract of insurance. Payments or advances made by the latter come within either the first or the second exceptions.

In support of his contention plaintiff cites the case of Douglass v. Equitable Life Assurance Society, 150 La. 519, 90 So. 834. But the ruling there made does not support his contention. The policy involved in that case was on the life of a husband with the wife as beneficiary. The husband and the wife made a written assignment of the policy to one Charles A. Thiel, Jr., who paid the premiums for nine consecutive years while the policy was in his hands as assignee. It was held that the assignee was entitled to recover the amount of the premiums paid by him. The holding in that case is in line with the rule which prevails in practically

all jurisdictions to the effect that one to whom a policy of life insurance is pledged is entitled to reimbursement for premiums which he is obliged to pay in order to keep the policy in force. See Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, where it was held that one to whom a life insurance policy was pledged might deduct from the proceeds of the policy an amount which he had to pay for premiums and interest on a loan which the insurance company had made on the policy, where such payment was necessary in order to save the policy from forfeiture. For other authorities see note in 40 A. L. R. 264 et seq.

The judgment sustaining the exception of no cause of action is correct and is affirmed at appellant's costs.