## SHERMAN v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7483.

Circuit Court of Appeals, Ninth Circuit.
April 8, 1935.

Sloss & Turner and E. D. Turner, Jr., all of San Francisco, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, John MacC. Hudson, Frederick W. Dewart, and Francis A. LeSourd, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

█ Petitioner seeks to review the action of the Board of Tax Appeals confirming a deficiency letter of the Commissioner for the year 1929 for the sum of $7,243.90. The sole question involved in the appeal is whether or not one-half of the salary of the husband for the year 1929 should be assessed to the wife. This would be in accordance with the law of California (U. S. v. Malcolm, 282 U. S. 792, 793, 51 S. Ct. 184, 75 L. Ed. 714; Civ. Code Cal. § 161a as added by St. Cal. 1927, p. 484), unless the relations were altered by contract (Helvering v. Hickman (C. C. A.) 70 F.(2d) 985).

The contention of the petitioner is based upon a written property agreement entered into between husband and wife on May 12, 1926, at which time they separated. This agreement was modified by one of February 11, 1927. These agreements did not expressly provide for the separation nor did they make any reference to the future earnings of the husband or wife. The agreement recites the fact that the parties are husband and wife and had three minor children, and that the husband desires to insure the future support and maintenance of his wife and children. In pursuance thereof, the husband transfers to his wife certain property described in the agreement, and further agrees that he will pay the wife $1,000 per month for the support and maintenance of herself and children. The agreement also provides that, in the event the wife should remarry, the monthly payment of $1,000 should be reduced to an amount sufficient and adequate for the support, maintenance, and education of the children. The supplementary agreement of February 11, 1927, referred to the agreement of May 12, 1926, and made certain different and additional provisions in regard to the property assigned by the husband to the wife.

█ The petitioner testified that, when she entered into the two agreements with her husband, she intended thereby to make a complete division of her property rights with her husband, terminating her community interest in any property then existing and in the husband's earnings and salary thereafter. It was stipulated that the husband would testify to the same effect. The intention of the parties to a written agreement must be determined from its terms. Testimony that they intended by it to cover a subject not included therein must be disregarded. The testimony does not show, or purport to show, that any agreement other than the written one was entered into between husband and wife. There is nothing in the agreement which directly or indirectly deals with the subject of the future earnings of either husband or wife. In the absence of such agreement, the law fixes the rights of the parties with relation thereto. Bearing in mind that the wife has an immediate vested interest in one-half the earnings of the husband, in the absence of any conveyance or agreement by her transferring that right to the husband, it would be retained by her and be subject to tax as her income.

Petitioner relies upon two decisions of the Board of Tax Appeals which she claims are inconsistent with their decision in the case at bar: Edith Page Skewes-Cox v. Commissioner, 29 B. T. A. 167; Grant v. Commissioner, 29 B. T. A. 760. These decisions are not inconsistent with the conclusion of the Board in the case at bar nor with our conclusion, because they are based upon the terms of a contract dealing with future earnings and property subsequently acquired by the spouses.

Order affirmed.