**BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. COMMISSION- ER OF INTERNAL REVENUE.**

No. 8356.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1937.

Edward Halé Julien, of San Francisco, Cal., for petitioner.

Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key, Norman D. Keller, Louise Foster, and Edward W. Pavenstedt, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Petitioner filed in this court a petition to review a decision of the Board of Tax Appeals sustaining a determination of re-

spondent that there was a deficiency in the estate tax paid for the year 1932 in connection with the estate of Merton J. Price, deceased.

Decedent and his wife were residents of California, where the community property law prevails. Decedent took out four policies of life insurance on his own life, as follows: Equitable Life Assurance Society of the United States policy for $10,000 dated October 23, 1927; two policies in Mutual Benefit Life Insurance Company, each for $5,000 and dated November 18, 1927; and Manhattan Life Insurance Company policy for $25,000 dated October 23, 1929. The total of the four policies was $45,000.

The premiums on the foregoing policies were all paid out of community property. There were certain California statutes in effect when the policies were taken out. California Civil Code, § 161a, provides:

"The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in community property."

Section 172 provides:

"The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; provided, however, that he cannot make a gift of such community personal property, or dispose of the same without a valuable consideration * * * without the written consent of the wife."

Decedent's death occurred on December 23, 1932. Petitioner was thereafter appointed executor in the California Superior Court for the City and County of San Francisco, and included in the estate tax return only one-half the amount of the above policies in the gross estate. Respondent, upon an audit of the return, included the full amount, and assessed a deficiency of $172.82. On petition to redetermine the tax, the Board sustained respondent's determination, and the petition to review the decision entered was then filed in this court.

The Revenue Act of 1926, § 302 (26 U.S.C.A. § 411), provided:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * *

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

Article 25 of Treasury Regulations 70 and 80 provides in part:

"The statute provides for the inclusion in the gross estate of insurance taken out by the decedent upon his own life, as follows: (a) All insurance receivable by, or for the benefit of, the estate; (b) all other insurance to the extent that it exceeds in the aggregate $40,000."

Other provisions of the articles mentioned bear on the question as to when insurance is considered to have been taken out by decedent. Here it is stipulated that decedent actually took out the policies on his own life, so it is doubtful if they are applicable. However, Article 25 of Regulations 70 provided:

"* * * Where a portion of the premiums were paid by the beneficiary and the remaining portion by the decedent the insurance will be deemed to have been taken out by the latter in the proportion that the premiums paid by him bear to the total of the premiums paid."

This article was amended in Regulations 80, where it was provided that

"* * * Insurance is considered to be taken out by the decedent in all cases, whether or not he makes the application, if he pays the premiums either directly or indirectly, or they are paid by a person other than the beneficiary, or decedent possesses any of the legal incidents of ownership in the policy. * * *"

Other provisions relate to "legal incidents."

The stipulation does not state to whom the policies were payable, but the Board said: "No controversy exists as to petitioner's right to the exemption of $40,000 under section 302(g). * * *" We may properly assume that the policies were payable to beneficiaries other than the estate of the decedent, and that only $5,000 of the $40,000 is in question. Under section 302(g) the entire $5,000 must be included in the gross estate if the one condition named

in the statute is met, namely, that such amount was receivable "under policies taken out by the decedent upon his own life." Since that fact was stipulated, it would seem that the case was ended when the stipulation was agreed upon.

■ The act in question imposes "a tax on the privilege of transferring the property of a decedent at death, measured by the value of the interest transferred or which ceases at death." Chase National Bank v. United States, 278 U.S. 327, 334, 49 S.Ct. 126, 127, 73 L.Ed. 405, 63 A.L.R. 388. Proceeds of life insurance are properly taxable as such a transfer, which is effected by death of decedent. Id.

■ Petitioner contends that under California community property law, the wife was the owner of one-half of the proceeds of the insurance, and that therefore decedent had no power of disposition and control, at his death, over the wife's half of such proceeds. We must first determine whether or not the local statute has any significance in settling the dispute. In Burnet v. Harmel, 287 U.S. 103, 110, 53 S. Ct. 74, 77, 77 L.Ed. 199, it is said that "state law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law." See, also, Welch v. Kerckhoff (C.C.A.9) 84 F.(2d) 295, 298, 106 A.L.R. 1434. There is nothing in the instant statute which says or implies that its operation is dependent upon local law. The Supreme Court so construed the same statute in Porter v. Commissioner, 288 U.S. 436, 441, 53 S.Ct. 451, 452, 77 L. Ed. 880, saying:

"The net estate as there used does not mean an amount to be ascertained as such under any general rule of law or under statutes governing the administration of estates, but is the gross estate as specifically defined in section 302 * * * less deductions permitted by section 303 * * *."

■ Therefore, whatever the local law may be, we believe it to be immaterial, and the Board's decision to be correct under Chase National Bank v. United States, supra. Petitioner says that case is distinguishable because there the insured paid all the premiums. See 278 U.S. 327, at page 333, 49 S.Ct. 126, at page 127, 73 L.Ed. 405, 63 A.L. R. 388. That is a distinction without a difference, for the fact is immaterial in our view.

■ Petitioner also urges that since decedent had no power of disposition over his wife's half of the proceeds, to tax it would constitute violations of the Fifth Amendment to, and sections 2 and 9 of article 1 of the Constitution. This contention is based on the assumption that local law is applicable, an assumption which, we believe, is incorrect.

We are not determining the validity of Article 25 of Regulations 70. The provision quoted deals with a case where "a portion of the premiums were paid by the beneficiary." Here the premiums were paid out of community property, but we do not know who the beneficiary was. Therefore the provision is not in question.

Petitioner strongly relies on Walker v. United States (C.C.A.8) 83 F.(2d) 103. In so far as that case is contrary to what we have said, we are unable to follow it.

Decision affirmed.

WILBUR, Circuit Judge (dissenting).

Petitioner seeks a review of a decision of the Board of Tax Appeals sustaining the Commissioner of Internal Revenue in his holding that four life insurance policies on the life of Merton J. Price, deceased, were properly included in the estate of the decedent for the purpose of fixing the amount of the estate tax. Decedent died December 23, 1932. The policies involved are two in the Mutual Benefit Life Insurance Company for $5,000 each, dated November 18, 1927, one in the Equitable Life Assurance Society of the United States for $10,000 dated October 23, 1927, and one in the Manhattan Life Insurance Company for $25,000 dated October 23, 1929. These policies were procured and the premiums paid from community property of the deceased and his wife acquired after July 29, 1927, the effective date of the amendment of section 161a of the California Civil Code, vesting a half interest in the community property thereafter acquired, in the wife. The facts were not in dispute, having been stipulated. The amount of tax involved was $172.82.

The petitioner contends that one-half of the amount of these policies should have been excluded from the estate liable for tax for the reason that it belonged to the wife. The Board of Tax Appeals, sustaining the tax, concluded that it was unnecessary to decide the exact interest of the wife in the policies in question for the reason that in their opinion the proceeds of the policy

were taxable as a part of the estate under section 302(g) of the Revenue Act of 1926 (26 U.S.C.A. § 411(g), which provides for the inclusion in the gross estate of the decedent the proceeds of insurance policies "to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

The Board held that there was such a shifting of economic interest upon the death of the decedent as justified the imposition of the estate tax regardless of the California law fixing the interests of the wife therein.[1] Under the statutes of California, as amended July 19, 1927, "the respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code." Cal.Civ.Code § 161a. The effect of this amendment has been considered by the Supreme Court of the United States in United States v. Malcolm, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714, and by this court in Sherman v. Com'r, 76 F.(2d) 810. It was held in these cases that under section 161a, supra, the wife has such a vested interest in the community income that she may separately report and pay the tax on one-half of it.

It is not contended by the respondent that the interest of the wife in the community estate is taxable as a part of the husband's estate at the time of his death. Respondent's contention is that at the time of the decedent's death there was a sufficient shifting of economic benefits from the decedent to the beneficiaries of the policies to bring the case at bar within the principles announced by the Supreme Court in Chase Nat. Bank v. United States, 278 U. S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388, and within Treas.Regs. 80, Art. 25.

In Chase Nat. Bank v. United States, supra, sections 401 and 402 of the Revenue Act of 1921 (42 Stat. 277, 278) were involved. Section 401 imposes a tax upon the "transfer of the net estate of every decedent" dying after the passage of the act. Section 402 provides: "That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * * tangible or intangible, * * * (f) to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." It was held that the tax imposed by these sections was not a direct tax on the policies or their proceeds, but a tax on the privilege of transferring property of a decedent at death; that the termination at death of the power of the decedent to change beneficiaries of all rights under the policies was the legitimate subject of a transfer tax. See, also, Porter v. Com'r, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880.

Treasury Regulations 80, Article 25, issued November 7, 1934, provided: "Insurance is considered to be taken out by the decedent in all cases, whether or not he makes the application, if he pays the premiums either directly or indirectly, or they are paid by a person other than the beneficiary, or decedent possesses any of the legal incidents of ownership in the policy. Legal incidents of ownership in the policy include, for example: The right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it," etc.

Regulations 70, Article 25, were in effect at the time of decedent's death. Regulations 80, Article 25, were adopted subsequently and by their terms made retroactive. The Circuit Court of Appeals for the Eighth Circuit considered the change in these regulations in Walker v. U. S., 83 F.(2d) 103,

---

[1] In the stipulation of facts it is not stated to whom the policies were payable, whether or not the insured retained the right to change the beneficiary, or what rights the insured had as to loans or surrender values or to convert the policies into some other form of insurance. The Board of Tax Appeals, in view of the failure of the stipulation to set out these facts and in view of the presumption of correctness attaching to the respondent's determination, found that the deceased possessed rights under the policies which would support a tax under section 302 (g), Revenue Act 1926, supra, and decided that in spite of the provisions of section 161a, Cal.Civil Code, supra, the entire proceeds of the policies should be included in the decedent's gross estate.

and the Circuit Court of Appeals for the Fifth Circuit in Newman v. Com'r, 76 F. (2d) 449, dealt with Regs. 70, Art. 25. We note that Treas.Dec. 4729, C.B. XVI No. 13, effective March 18, 1937, amended Regs. 80, Art. 25, and these regulations now provide that "in the case of a decedent dying before November 7, 1934 [the date of the approval of Regulations 80] the provisions of the second paragraph of article 25 of Regulations 70 [1929 edition] [2] will continue to apply." Regulations 80, Article 25, were further amended by omitting the last sentence thereof, which provided: "The decedent possesses a legal incident of ownership if the rights of the beneficiary to receive the proceeds are conditioned upon the beneficiary surviving the decedent."

It is not necessary to decide the effect of Regs. 80, Art. 25, as compared with Regs. 70, Art. 25, because the statute (section 302 (g) definitely exempts from the tax on the husband's estate that portion of the policy belonging to the wife as her part of the community property under the law of California. If either Regs. 70, Art. 25, or Regs. 80, Art. 25, purport to make a part of the decedent's estate the wife's half interest in insurance paid for by the community with community property acquired after July 29, 1927, they are not valid exercises of authority under section 302(g), supra, which regulates the transfer of the decedent's estate, because the interest of the wife therein is not a part of the estate, as will presently more fully appear.

In applying the rule announced by the Supreme Court (Chase Nat. Bank v. U. S., 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388, supra), it is necessary to distinguish the results of the husband's action when acting on his own behalf and when acting on behalf of the community.

Under the law of California, the interest of the wife in community property acquired after July 29, 1927, is identical with that of the husband except that he has power to manage the community estate and contracts made by him in relation thereto are binding on the community except in certain matters which are not involved herein. Cal.Civil Code, § 161a, supra. When the husband acts for the community, the contract is made on behalf of the community in which the husband and wife have an equal interest. Thus an insurance policy on the husband's life paid for with community funds is not a policy "taken out by the decedent upon his own life" (section 302 (g), Revenue Act 1926, supra), but is a policy taken out by the community upon the husband's life. Although by the terms of the policy the insured husband may have certain rights with regard to a change of beneficiary, etc., these rights are qualified in law by the fact that when he exercises these rights he acts not for himself but for the community, that is, for himself as a member of the community and also for his wife who is likewise a member of the community. Although the interest of the wife in specific community property may be disposed of by the husband, a corresponding interest of the wife immediately vests in the proceeds. It is community property. Where there are no proceeds, the husband is deprived of authority to make the transfer, and in such a case the wife may attack the validity of the transaction and assert a right in the specific property thus transferred. Cal.Civ. Code, § 172, supra; Britton v. Hammell, 4 Cal.(2d) 690, 52 P.(2d) 221; Blethen v. Pacific Mutual Life Ins. Co., 198 Cal. 91, 243 P. 431. Thus, in exercising his rights under the insurance policy, if the husband surrenders the policy, half the surrender value paid to him would belong to her as her interest in the community. If he borrowed money on the policy, half of it would belong to her, as community property. If he changed the beneficiary, the wife's interest would not be affected by such change if made without consideration, and she would be entitled to insist upon the payment to her of one-half the amount of the policy upon the death of the husband. Union Mutual Life Ins. Co. v. Broderick, 196 Cal. 497, 238 P. 1034; Dixon Lumber Co. v. Peacock, 217 Cal. 415, 19 P.(2d) 233; Blethen v. Pacific Mut. Life Ins. Co., 198 Cal. 91, 243 P. 431; New York Life Ins.

[2] The provisions of the second paragraph of Art. 25, Regs. 70, are as follows: "* * * Insurance is deemed to be taken out by the decedent in all cases where he pays all the premiums, either directly or indirectly whether or not he makes the application. On the other hand, the insurance is not deemed to be taken out by the decedent, even though the application is made by him where all the premiums are actually paid by the beneficiary. Where a portion of the premiums were paid by the beneficiary and the remaining portion by the decedent the insurance will be deemed to have been taken out by the latter in the proportion that the premiums paid by him bear to the total of premiums paid."

Co. v. Bank of Italy, 60 Cal.App. 602, 214 P. 61; Britton v. Hammell, 4 Cal.(2d) 690, 52 P.(2d) 221; Martinez v. Hudson, 14 Cal. App.(2d) 42, 57 P.(2d) 970; McBride v. McBride, 11 Cal.App.(2d) 521, 54 P.(2d) 480.

I conclude that the policies in the case at bar cannot be considered as taken out "by the decedent upon his own life" (section 302(g), Revenue Act 1926, supra), but as one taken out by the decedent on his life on behalf of the community and that in legal effect one-half of the amount of the policies must be considered as taken out by him on behalf of his wife, or as taken out by her. Consequently, I believe that the wife's interest in the proceeds of these policies does not come within section 302(g), Revenue Act of 1926, supra. See Walker v. U. S. (C.C.A.) 83 F.(2d) 103. It is not questioned that as to one-half of the insurance involved it was in legal effect taken out by the decedent and was taxable.

The respondent relies upon the decision of the Circuit Court of Appeals for the Fifth Circuit in Newman v. Com'r, 76 F. (2d) 449. The dissenting opinion of Circuit Judge Sibley in that case is in accord with my view. The decision of the majority seems to be based, in part at least, upon the law of Louisiana making the entire proceeds of such a policy taken out by the husband for the community and paid for by the community funds a gift to the wife vesting in her upon his death as her separate property, hence, taxable.[3] Although in California a husband can make a gift of community property to his wife which becomes the separate property of the wife [In re Estate of Fingland, 129 Cal.App.

395, 18 P.(2d) 747; Mazman v. Brown, 12 Cal.App.(2d) 272, 55 P.(2d) 539], under the 1927 amendment of the community property law of California [section 161a Cal. Civil Code] the effect of such a transfer as to that half of the property in which the wife already has a vested interest would merely be to give to her the right of management in the property previously exercised by the husband. The husband cannot give property to the wife that she already owns. In any event, in California at least the community interest of a wife in a policy paid for by the community funds earned or acquired after the 1927 amendment to the California Civil Code, section 161a, supra, is not taxable as a part of his estate under the provisions of the Revenue Act of 1926, § 302(g), supra.

It may be here stated that the right of the wife in and to any specific piece of community property is affected by the death of the husband because her right to enjoy or dispose of property is no longer modified by the managerial control theretofore exercised by the husband. Such a shift of control has not been deemed sufficient to justify the taxation of her property as a part of the estate of the husband (Sweeney v. Commissioner of Internal Revenue, 15 B. T.A. 1287, Washington community property law; Coffman-Dobson Bank & Trust Co. v. Commissioner of Internal Revenue, 20 B.T.A. 890, Washington community property law; see Vol. 4, 1937 Prentice-Hall Federal Tax Service, par. 23,204), and the same rule should be equally applicable to that portion of the estate invested in life insurance.

The order should be reversed.

---

[3] In that regard the court stated as follows [76 F.(2d) 449, 452]:

"That law is that when, during the existence of the community, a husband, as here, takes out a policy payable to his wife as beneficiary, but with the right reserved to change, and pays the premiums out of the community, though the proceeds at his death become her separate property, Succession of Desforges, 135 La. 49, 50, 64 So. 978, 52 L.R.A. (N.S.) 689; Nulsen v. Herndon, 176 La. 1097, 1098, 147 So. 359, 88 A.L.R. 236; Sizeler v. Sizeler, 170 La. 128, 127 So.

388; Douglass v. Equitable Life Assur. Soc., 150 La. 519, 90 So. 834, the transaction is regarded as a gift by the husband to the wife, and the estate of neither is regarded as having paid the premiums so as to be entitled to reimbursement on account of their payment. Kelly v. Kelly, 131 La. 1024, 60 So. 671; Succession of Bofenschen, 29 La.Ann. 711; Martin v. McAllister, 94 Tex. 567, 63 S.W. 624, 56 L.R.A. 585; Whiteselle v. N. W. Mut. Life Ins. Co. (Tex.Com. App.) 221 S.W. 575."