In my opinion the debt due the defendant insurance company cannot be considered as falling within the exceptions mentioned in Act 155 of 1934 and, therefore, cannot be collected out of the proceeds of the policy. As was held by the Supreme Court in Succession of Erwin, 169 La. 877, 126 So. 223, 224, quoted in Nulsen v. Herndon, 1936, 176 La. 1097, 1101, 147 So. 359, 88 A.L.R. 236, there is no ambiguity in the language of the act and no room for interpretation and only three exceptions. The debt tinder consideration here is admittedly not within any of the exceptions. To quote from the Succession of Erwin:
"There is no ambiguity in the language used, and scarcely any room for interpretation. The plain meaning is that the avails or proceeds of an insurance policy are exempt from the debts of the insured — cannot be made subject to the payment of his debts. In other words, the creditors have no claim whatever on the insurance."
I respectfully dissent.