HOFFPAUIR, Judge ad hoc.
This suit was filed by Anthony Pasqua, Sam Pasqua, Blaise Pasqua, Peter Pasqua and Joseph Pasqua, brothers and sisters, against the State National Life Insurance Co., Inc. The petition alleges that petitioners are the surviving children and heirs of their deceased mother upon whom the defendant had issued a funeral and burial insurance policy naming petitioner Anthony Pasqua as beneficiary. Upon the death of Mrs. Pasqua plaintiffs requested that defendant furnish casket for the burial of the deceased in accordance with the provisions of the policy. Plaintiffs allege that though repeated demands were made upon the defendant it refused to furnish the casket, whereupon plaintiffs were compelled to purchase a casket for the sum of $978.50. In addition to this, the allegation is made that *363 plaintiffs suffered humiliation and embarrassment as a result of defendant’s delay and refusal to furnish the casket, for which they seek to recover the sum of $10,000.
To this petition exceptions of misjoinder of parties plaintiff, prematurity and no right or cause of action were filed. The trial judge sustained the exception of mis-joinder of parties plaintiff and dismissed their suit.
A devolutive appeal was taken to this court by the plaintiff. A motion was made by the defendant to dismiss the appeal because the amount, in controversy exceeded $2,000 for which this court had no jurisdiction. Plaintiffs answered the motion to dismiss filed by defendant, admitting that this court is without jurisdiction but praying that the suit be transferred to the Supreme Court rather than dismissed.
The matter is before us not upon a decision rendered upon the merits, but is upon a judgment sustaining an exception of mis-joinder of parties plaintiff and dismissing plaintiffs’ suit.
The remedy of redress which the law affords for damages for breach, of an insurance policy belongs exclusively to the beneficiary named in the policy. Jordan’s Mutual Aid Association v. Edwards, 232 Ala. 80, 166 So. 780; 2 Appleman Insurance Law & Practice, Pages 98, 100 n. 12, 102 n. 27; Nulsen v. Herndon, 176 La. 1097, 147 So. 359, 88 A.L.R. 236.
The material portions of the petition affecting the misjoinder of parties plaintiff are to be found in Article 1 and 3' of the petition and the prayer of the petition. Article 1 reads as follows:
“1. That the State National Life Insurance Company, Inc., a Louisiana corporation doing business in and domiciled in the State of Louisiana is justly and truly indebted unto your petitioner in the full sum of'Ten Thousand Nine Hundred Seventy Eight And 50/100 ($10,978.50) Dollars, together with legal interest thereon from date of judicial demand until paid, for the following reasons, to-wit: * * *
Article 3 reads as follows:
“3. That under date of October 15, 1939 there was issued in favor of the above noted Josephine Pasqua, a funeral and funeral service policy, No. 120507-H by the Woodruff’s Insurance Co. of Baton Rouge, Louisiana; the designated beneficiary under said policy being one of your petitioner’s herein, namely, Anthony Pasqua; and photostatic copy of said policy is attached hereto and made part hereof.”
And the prayer reads as follows:
“That the defendant, State National Life Insurance Company of Baton Rouge, Louisiana, be duly cited to appear and answer this petition, and that after due proceedings be had, there be judgment herein in favor of your petitioners, namely, Anthony Pasqua, Sam Pasqua, Blaise Pasqua, Peter Pasqua and Joseph Pasqua and against the defendant, State National Life Insurance Company, Inc., in the full sum of Ten Thousand, Nine Hundred Seventy Eight And 50/100 ($10,978.50) Dollars, together with legal interest thereon from date of judicial demand until paid.”
Petitioners further pray that there be judgment in their favor and against the defendant insurer herein decreeing that bill in the amount of $168.25 dated August 3, 1951, covering additional services for the decedent, Mrs. Josephine Pasqua, be marked “paid in full.”
Anthony Pasqua is the beneficiary under the policy and owns the right or cause of action represented by the policy. Anthony Pasqua, together with the other heirs of the decedent, have joined as parties plaintiff in this action asking for the full sum of $10,978.50 which represents damages arising ex contractu, and $10,000 for embarrassment and humiliation as a result of the violation of the contract.
The motions to transfer are sustained and it is therefore ordered, adjudged and decreed that this case be transferred to the Supreme Court of the State of Louisiana, and the appellant is given sixty days from the finality of this judgment in which .to *364 have it lodged there; otherwise it is to be deemed as dismissed for want of jurisdiction by this Court. Cost of this appeal to be paid by appellant.