McCALEB, Justice.
Plaintiff, appearing as agent of the legal heirs of John B. Hamilton and his wife, instituted this suit against Aetna Life Insurance Company to recover the proceeds of two group insurance policies of a face value of $2,000 each, issued by it on the life of Mr. Hamilton as an employee of Peterson Motors Inc. of Shreveport, Louisiana, together with interest at the rate of 6% per annum from August 31, 1950 until paid and $1,000 attorneys’ fees. •
In the lower court, the suit was dismissed on defendant’s exception of no right or cause of action. Wherefore this appeal.
Plaintiff’s claim, as stated in his petition and taken in connection with the documents attached. thereto, is founded on the following facts.
John B. Hamilton and his. wife, Thelma Lea Taylor Hamilton, residents of Shreveport, were killed in an automobile accident near LaGrange, Georgia on August 26, 1950. The exact time of death of each is unknown and plaintiff assumes that'they died simultaneously. They left neither descendants nor ascendants. However, each spouse was survived by collateral heirs. These relatives employed the firm of Johnson & Moreloclc of Shreveport to handle the successions of Mr. and Mrs. Hamilton, which were opened in the First Judicial District Court for the Parish of Caddo on August 31, 1950, and it was agreed that, since it was uncertain as to which one of the spouses survived the other, the effects left by them would be distributed, after payment of all debts, in the proportion of one-half to the heirs of the husband and the other half to the heirs of the wife. In order to facilitate the marshalling of assets of the estates, the heirs, on September 2, 1950, appointed and constituted plaintiff, a practicing attorney of Shreveport, as their agent to settle the respective . successions and, to this-end, he was given full and complete power to represent them and do all things that they *717 could have done, including the filing of suit on their behalf and the collection of all insurance.
Soon after the opening of the successions, an inventory of the assets was taken. This inventory listed among the assets the two insurance policies herein sued on, which were payable to Mrs. Hamilton, and an ex parte judgment was obtained on October 4, 1950 sending the heirs of decedents in possession of the effects .set forth in the inventory. Thereafter, plain-' tiff made demand on defendant' insurance company for payment of the proceeds of the policies, supporting his claim with certified copies of the succession judgment and his power of attorney. The defendant denied his demand and paid the entire insurance to Frank E. Hamilton, a half-brother of the insured.
Plaintiff maintains that the payment by the insurance company to Frank E. Hamilton was arbitrary and without just cause for several reasons, to which we shall hereafter refer, and that he is entitled to the avails of the policies. Conversely, the insurer contends that Frank E. Hamilton, being the half-brother of the insured, was an alternate beneficiary under identical clauses contained in each policy and, therefore, its payment to him was lawful, being in strict accordance with the contracts.
The theory of defendant’s position, which it proffers under its exception of no cause of action, is that, inasmuch as the deaths of the insured and the designated bene-ficiary, his wife, were simultaneous, a. con-elusive legal presumption arose under LSA-R.S..22:645 that the insured was the survivor; that the policies provide that, in such event, the proceeds be paid to certain alternate beneficiaries designated therein and that, since it is conceded in this case that the insured left neither descendants nor ascendants, the proceeds became payable under the contracts to his surviving half-brother.
The point is well taken. Section 14:35 of the Louisiana Insurance Code (Act 195 of 1948, which was readopted in 1950 as LSA-R.S. 22:645) provides:
“Where the individual insured and the beneficiary designated in a life insurance policy or policy insuring against accidental death have died and there is not sufficient evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary, unless otherwise expressly provided in the policy.”
For as much as plaintiff acknowledges, for purposes of this suit, that the deaths were simultaneous, the foregoing provision controls and the proceeds of insurance are to be distributed as though Hamilton had survived his wife. The policies in the instant case provide that, if no designated beneficiary survives the employee (insured) and he does not have a *719 widow, the insurance will be payable to the children surviving him and, if none survives, to his parents equally or to the survivor and, if neither survives the employee, then to his brothers and sisters, •etc. It is admitted that the insured was not survived by a widow, children -or parents and that he left no brothers or sisters other than Frank E. Hamilton,- his half-brother.[1] Accordingly, since he was the sole surviving alternate -beneficiary, the payment to him conformed with the contractual obligation of the insurer.
Plaintiff maintains, however, that the insurer should not have paid Frank E. Hamilton because it was notified of the power of attorney Held by him from the heirs of Mr. and Mrs. Hamilton and also that judgment had been obtained in the succession proceedings approving the inventory which had included the policies as assets of the estates.
The obvious answer to this proposition is that, since the proceeds of the insurance were payable to an alternate beneficiary under the policies, they formed no part of the insured’s estate. Sherwood v. New York Life Ins. Co., 166 La. 829, 118 So. 35; Nulsen v. Herndon, 176 La. 1097, 147 So. 359, 88 A.L.R. 236 and Succession of Rabouin, 201 La. 227, 9 So.2d 529, 142 A.L.R. 605. Therefore, neither the listing of the policies in the inventory as succession assets nor the approval of the inventory by the ex parte judgment placing the heirs in possession, was binding or effective as to the defendant.
Plaintiff further claims that the power of attorney effected an assignment to him of the insurance proceeds and that, since the insurer was notified of his rights, it acted at its peril in paying Frank E. Hamilton, who was one of the appointing parties.
There is no merit in this contention. The power of attorney merely constituted plaintiff as agent of the heirs to garner the assets, pay the obligations and settle the estates of Mr. and Mrs. Hamilton and, in consideration of .his services, he is to be paid a fee of 2y£% of the gross inventoried value thereof. None of the assets or claims is assigned to plaintiff in his own right; his authority is limited to representation.
Plaintiff suggests that the doctrine of' commorientes, as set forth in Article 939 'of the LSA-Civil Code, might have applied but for the assumption by the heirs that the deaths were simultaneous and that, since all heirs including Frank E. Hamilton have acknowledged simultaneous death *721 and have agreed to a division of the successions’ effects, their agreement is binding and overrides all other legal presumptions. He also indicates that some sort of an estoppel may be applicable because Frank E. Hamilton was bound as a party to the power of attorney and by his acceptance of the succession.of his brother unconditionally.
Insofar as the latter contention is concerned, it suffices to say that the actions of Frank E. Hamilton could.not form the basis of an estoppel against the insurance company.
Likewise, the acknowledgment of simultaneous death and the agreement- by the heirs to divide the succession property could not effect a.transition of the insurance proceeds into, the estates of the decedents.
The judgment appealed from is affirmed. '
FOURNET, C. J., absent.

. Plaintiff does not question that a brother of the half-blood is embraced -within the term “brothers and sisters” as used in the policies. That half-brothers are included seems to be generally accepted. LSA-Civil Code, Articles 911, 912 and . 913; Heirs of Sharp v. Klienpeter, 7 La. Ann. 264; Modern Woodmen of America v. Barnes, D.C., 61 F.Supp. 680 and authorities there cited.