274 So.2d 806 (1973)
Succession of Louis FEIST and Betty Jane Feist.
Mary SPLAND, wife of and Manuel FEIST, Sr., et al.
v.
UNIVERSAL LIFE INSURANCE COMPANY and Leona Herbert Shaffer.
Nos. 5292, 5293.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1973.
Rehearing Denied April 3, 1973.
Writ Granted May 24, 1973.
*807 R. P. Nabonne, Nils R. Douglas, New Orleans, for defendant-appellant.
Frank E. Lamothe, III, New Orleans, for plaintiffs-appellees.
Before REGAN, REDMANN and BOUTALL, JJ.
REGAN, Judge.
On July 18, 1963, Louis Feist and his wife, Betty Jean Feist were fatally injured in an automobile accident in Jefferson Parish, Louisiana. Subsequently, Mrs. Leona Herbert Shaffer, the mother and only heir of Mrs. Feist, opened the successions of Mr. and Mrs. Feist in Orleans Parish, which was their domicile. Included as assets of the succession were three life insurance policies issued by Universal Life Insurance Company of Memphis, Tennessee. In two of these policies, Betty Jean Feist was named as the insured and Louis Feist, her husband, was named as the beneficiary. The other policy, in the amount of $5,000.00 named Louis Feist as the insured and Betty Jean Feist as his *808 beneficiary. Only the latter policy forms the subject of this dispute.
The judgment of possession awarded the proceeds of the disputed policy to the succession of Betty Jean Feist predicated upon the theory that under the rationale of Civil Code art. 939 she survived her husband and the proceeds of the policy inured to her as his named beneficiary. On August 23, 1963, the judgment of possession referred to hereinabove was rendered placing Mrs. Leona Herbert Shaffer in possession of her daughter's estate as her surviving parent and sole heir. On September 13, 1963, Universal Life Insurance Company paid the proceeds of the policy to Mrs. Shaffer pursuant to this judgment of possession.
Approximately one year later the father, mother and siblings of Louis Feist filed a petition to annul the judgment of possession and also filed a suit on the insurance contract seeking to recover the proceeds of the disputed policy. They asserted therein that under R.S. 22:645 Louis Feist survived his wife and the proceeds of the insurance policy vested in the estate of Louis Feist.
The suit to annul the judgment was consolidated with the succession proceeding, and on December 22, 1971, the lower court rendered a summary judgment ordering Universal Life Insurance Company to pay $5,000.00 to the Succession of Louis Feist, together with 6% interest from September 5, 1963, until paid.[1]
The litigants apparently agree that the ultimate disposition of this matter depends upon a determination of which of the following statutory laws are applicable to the facts of this case.
Article 939 of the Louisiana Civil Code reads:
"If those who have perished together were fifteen years of age or older and under sixty years, the male shall be presumed to have survived, where there was an equality of age, or a difference of less than one year, otherwise the younger must be presumed to have survived the elder whether male or female. As amended Acts 1938, No. 418, § 1."
R.S. 22:645 being a part of the insurance code of the State of Louisiana, reads:
"Where the individual insured and the beneficiary designated in a life insurance policy or policy insuring against accidental death have died and there is not sufficient evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary, unless otherwise expressly provided in the policy. Amended and reenacted Acts 1958, No. 125."
It is conceded that the trial judge declared the estate of Mrs. Feist to be the owner of the proceeds of the disputed policy because under Civil Code Article 939 she was the presumed survivor. It is also conceded that Mr. and Mrs. Feist died simultaneously and there was no way to determine who in fact was the survivor.
In Louisiana the insurance code is sui juris and prevails over any other provisions of law of general application. Hence, it is clear that R.S. 22:645 prevails so as to determine the ownership of the policy proceeds in the event of simultaneous death. An analysis of this statute convinces us that the policy proceeds are payable to the estate of Louis Feist and not to the estate of his wife, since under the section of the insurance code quoted above Mrs. Feist is considered to have predeceased her husband, and under the terms of this contract of insurance when there is no living beneficiary, the proceeds of the policy are payable to the estate of the insured.
*809 The defendant contends that it should not be cast in judgment a second time for the payment of the policy proceeds since it relied upon a judgment of possession which is prima facie correct until declared invalid. However, under article 3062 of the Code of Civil Procedure it is evident that a judgment of possession is prima facie proof of the rights of the heirs of the decedent's estate, but it is not considered as conclusive.
In any event the foregoing contention of the defendant was essentially disposed of in the case of Morelock v. Aetna Life Ins. Co.,[2] in which a judgment of possession was obtained by the heirs of two persons dying simultaneously, also husband and wife. The insurance Company in that case disputed the judgment of possession and paid the proceeds of the policy in accordance with R.S. 22:645, under which the husband (who was the insured) was presumed to have survived, and in conformity with the contract of insurance under which all proceeds were payable to a secondary beneficiary designated therein by the insured husband. The Supreme Court maintained the insurance company's position and reasoned that it was under no obligation to make a wrongful payment in accordance with the judgment of possession. The organ for the court explicitly stated that neither the listing of the policies in the inventory nor the approval of the inventory by an ex parte judgment placing the heirs in possession was binding upon the defendant insurance company.
The final question posed for our consideration is whether the defendant insurer is liable for 6% interest per annum from September 5, 1963, until paid. The date referred to is the date on which formal notification of death of the decedents was received by the insurance company. The lower court concluded that the insurance company was without just cause in its refusal to pay the policy benefits to the heirs of Mr. Feist and awarded such interest.
There was no issue of fact to be determined by the insurance company which would have prevented it from making a proper payment. Briefly stated, the defendant insurer did not pay in conformity with the rationale of R.S. 22:645, which is a section of the insurance code and therefore is considered to form part of insurance contracts issued in Louisiana as if written into them.
Since the only question to be determined before payment by the defendant insurer was one of law, which it is presumed to know, and not one of disputed fact, the plaintiffs are entitled to 6% annual interest from September 5, 1963, until paid in accordance with R.S. 22:656.
In conclusion we hasten to point out that we have not decided the question relative to the ultimate recipients of the policy proceeds once these funds have become a part of the succession of Mr. Feist.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendant insurer is to pay all costs.
Affirmed.
REDMANN, J., dissenting with written reasons.
REDMANN, Judge (dissenting).
In this case of common-disaster deaths of insured husband and beneficiary wife, the insurer immediately paid 100% of the proceeds of the husband's life insurance policy to the person legally entitled (as far as shown) to 75%. Yet the court several years later has by summary judgment ordered *810 the insurer to pay the full 100% again, plus penalties on the whole 100%, to an unrepresented "Succession" of the husband. (How? To the clerk of court? By what authority?)
I conclude:
(1) There is no contradiction nor mutual exclusivity between C.C. art. 939 and R.S. 22:645;[1]
(2) Under succession law, C.C. art. 939, the wife here "must be presumed to have survived" her husband (my emphasis);[2]
(3) Under insurance law, R.S. 22:645, the wife's presumptive survival does not preserve her entitlement as beneficiary and the proceeds are distributed "as if" the husband "had survived" the wife (my emphasis);
(4) Under the therefore applicable policy provisions the successor beneficiary is the "estate" of the insured;
(5) Under insurance law, R.S. 22:648, "where the estate of the insured * * * is a beneficiary or payee * * * the widow or heir, or heirs * * * shall be entitled to the proceeds * * * of such policies or contracts according to the laws of distribution affecting the succession * * *";
(6) Under those laws of distribution, C. C. arts. 939 and 915, the presumptively surviving wife is an heir to half (since parents also survive) of her husband's estate to the extent it is composed of his half of their community property;[3]
(7) Proceeds of an insurance policy on the husband's life bought during the community with community funds and payable to the husband's "estate" are community property and the wife would therefore own half as her share of the community; Succession of Buddig, 108 La. 406, 32 So. 361 (1902); see also Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956);
(8) Therefore the insurer's earlier 100% payment (for the wrong reason) to the wife's heir would have legally discharged 75% of its obligation, since the wife owned half and inherited half of her husband's half of the proceeds;
(9) Therefore the husband's parents (and siblings) would not be entitled to a judgment for 100% to be paid to his "succession", of which they are neither sole heirs nor administrators;
(10) Much less could the insurer be made to pay penalties on the 75% of the claim it had rightly and timely paid, simply because later claimants believe themselves entitled; and
(11) Even as to that portion of the claim erroneously paid penalties are due only from date of the second claim and not from the date the wife's heir gave notice of death, since the insurer did promptly settle the first claim by full payment.
*811 Movers, the husband's parents and siblings, are not "entitled to judgment as a matter of law",[4] C.C.P. art. 966, and the summary judgment was erroneously granted and should be vacated.[5]
NOTES
[1] On January 10, 1972, a default judgment was signed in favor of Universal Life Insurance Company and against Leona Herbert Shaffer condemning her to pay the sum of $5,000.00 with 6% interest from September 13, 1963.
[2] 222 La. 712, 63 So.2d 612 (1953).
[1] C.C. art. 939 is shown by art. 936 to apply to "persons respectively entitled to inherit from one another" and, from its position in the Code, purports to govern succession matters by declaring survivorship. It does not in terms purport to govern insurance (or other contract) matters. R.S. 22:645 applies only to insurance matters, and it does not purport to declare survivorship, nor to govern succession matters (not even as to insurance proceeds see R.S. 22:648, partly quoted in text (5) above).
[2] That our survivorship rules are not wholly satisfactory is ably argued by Nathan, Common Disasters and Common Sense in Louisiana, 41 Tulane L.Rev. 33 (1966). But they remain our law.
[3] Suppose the wife here had not been named beneficiary. There would be no semblance of a basis on which to hold that she predeceased her husband and was therefore incapable of inheriting from him. Could we reasonably hold that to name one's wife his insurance beneficiary is to disinherit her as to those very insurance proceeds?
[4] Though perhaps a matter of semantics, it could be said there is an issue of material fact, since separateness of the proceeds is a material element of movers' cause of action, and since it is not shown (though it may be a fact). It appears to me theoretically preferable to hold that, on the facts to the extent they are shown as undisputed, movers lose on the law.
[5] We could affirm as to 25% of the proceeds (disregarding the problem of to whom the judgment is payable) with penalty-interest from date of this suit (the earliest the record shows the insurer knew of the conflicting claim). It seems preferable, since there appears to be a possibility the insurance could be separate property, to make movers show the full extent of their claim and avoid multiplicity of judgments. It also seems inappropriate because in fact an exception of prematurity by insurer in the suit against it had been properly maintained on the ground that movers had first to show the extent and quality of their heirship.

Finally noted is the posture of insurer's third-party judgment against the wife's heir. As a judgment over, a judgment of reimbursement or indemnity, it should of course be construed as affected by reversal of the judgment on the main demand. (The patently erroneous assessment of penalty-interest against her is not before us.)