287 So.2d 514 (1973)
Succession of Louis FEIST and Betty Jean Feist.
Mary SPLAND, wife of/and Manuel FEIST, Sr., et al.
v.
UNIVERSAL LIFE INSURANCE COMPANY and Leona Herbert Shaffer.
No. 53468.
Supreme Court of Louisiana.
December 3, 1973.
*515 Frank E. Lamothe, III, Martzell & Montero, New Orleans, for plaintiffs-respondents.
Ronald P. Nabonne, Law Offices of Nils R. Douglas, New Orleans, for defendant-applicant.
CALOGERO, Justice.
We granted writs herein on the application of Universal Life Insurance Company, 277 So.2d 670 (La. 1973). They complain of a judgment of the Fourth Circuit Court of Appeal, 274 So.2d 806, affirming a judgment of the Civil District Court, Parish of Orleans which granted summary judgment partially annulling an ex parte succession judgment of possession and ordering Universal to pay certain insurance proceeds to "the estate of Louis Feist."
The legal contest has to do with entitlement to insurance proceeds of a policy on the life of a husband who died, along with his wife-beneficiary in an automobile accident. The facts giving rise to this litigation and the procedural history are essentially as follows:
Mr. and Mrs. Louis Feist, hereinafter referred to as Louis and Betty Jean, died in an automobile accident on July 18, 1963. Shortly thereafter Betty Jean's mother, Mrs. Leona Herbert Shaffer opened the successions of both decedents (in a single proceeding) and secured an ex parte judgment of possession in the Civil District Court Parish of Orleans recognizing her as the sole heir of Betty Jean and thus entitled to the $5,000 proceeds of a Group Life Insurance Policy (#503, certificate #787) with Universal on the life of Louis. She had claimed in her simple possession petition that the decedents perished together, that her daughter was presumed to have survived Louis under Civil Code Article 939 because she and Louis were each over 15 years of age and under sixty years of age, with an age difference of more than one year, that they each died without descendants, and that she, Mrs. Shaffer, was Betty Jean's sole legal heir.[1]
*516 Upon being furnished a certified copy of this judgment of possession, Universal paid the $5,000 proceeds to Mrs. Shaffer. Thereafter respondents, the parents and brothers and sisters of decedent Louis Feist, hereinafter referred to simply as "Feists", filed two petitions in the Civil District Court against Universal and Mrs. Shaffer, one a suit to recover the insurance proceeds from defendants, the other, in the Succession of Louis and Betty Jean Feist, to annul the judgment of possession and to recover from defendants the $5,000 proceeds and 6% interest from the date of Louis' death.[2]
Each petition asserted that Louis in fact survived Betty Jean, or alternatively, died simultaneously with Betty Jean.
After various exceptions, other pleadings, and motions for summary judgment were filed in each suit, the trial court ruled on the motion for summary judgment in the succession proceedings in favor of the Feists, annulling the earlier judgment of possession to the extent that the $5,000 proceeds "were ordered payable to Mrs. Shaffer as property belonging to the estate of Betty Jean Feist," and further ordering that Universal pay "the estate of Louis Feist" $5,000 plus 6% interest from September 5, 1963 until paid.
The Court of Appeal affirmed. While their precise holding merely annulled the judgment of possession and ordered Universal to pay the insurance proceeds to the estate of Louis Feist, pretermitting who should ultimately receive the policy proceeds once the funds have become part of Louis' succession, the language of that opinion ("the policy proceeds are payable to the estate of Louis Feist and not to the estate of his wife") inferred, if it didn't hold, that neither Betty Jean's estate nor her heir, Mrs. Shaffer would share in any way in those proceeds after placed in the estate of Louis Feist. That conclusion was the result of their determination that La. R.S. 22:645,[3] a part of Louisiana's insurance code "prevails over" Article 939.[4]
Betty Jean was the named beneficiary under the pertinent policy on the life of Louis. And R.S. 22:645 does indeed prevent her receipt of proceeds as beneficiary for the law provides essentially that if the' insured and the named beneficiary have died simultaneously the proceeds shall be distributed as if the insured had survived the beneficiary.
The alternate beneficiary under the policy, according to a stipulation entered into between counsel for the Feists and counsel *517 for Universal,[5] is the estate of the insured. Accordingly, the proper beneficiary in this instance is the estate of Louis Feist, as found by both lower courts.
Thus it may be unnecessary to the holding in this case that we express agreement or disagreement with the Court of Appeal's inferential determination, that neither Betty Jean's estate nor her heir, Mrs. Shaffer, may participate in any way in the proceeds once they become a part of the Succession of Louis Feist. However, in view of the length of these proceedings (they were instituted on August 17, 1964), and the fact that the posture of the case requires its remand, and because the Court of Appeal decision, absent expression by this Court, could possibly be construed to hold that Betty Jean's estate and her heir are barred from recovery of any portion of the insurance proceeds, we find it preferable to express our view that there is no conflict between R.S. 22:645 and Civil Code Article 939. The former, while admittedly mentioning survival (i.e., speaking of proceeds distribution as if the insured had survived the beneficiary) merely bars the named beneficiary's receipt as beneficiary.
That statute does not, nor does it purport to, affect the state's inheritance laws.[6] In fact another provision of the insurance code specifically acknowledges that insurance proceeds are to follow the laws of distribution affecting the succession of the decedent where the estate of the insured is a beneficiary. R.S. 22:648.
In this case Betty Jean Feist's right to recover as beneficiary is barred by R.S. 22:645. Her right, or her successor's right, to enjoy proceeds from her husband's estate if, as is contended, she is presumed to have survived her husband under the provisions of Article 939, is not.[7] Were we to hold otherwise we would countenance the absurd consequence that a wife (actually the wife's heir here) would fare better if she were not named as a beneficiary, for in this latter event surely it could not be argued that a non-beneficiary wife is not entitled to rely on Civil Code Article 939 with respect to estate distribution.
While we agree, with the reservations stated above, that entitlement to the proceeds is in the estate of Louis Feist, and while we affirm the lower court's annulling the judgment of possession insofar as it recognized Mrs. Shaffer as entitled to the proceeds, we cannot affirm that portion of the judgment which directs that Universal pay the estate of Louis Feist, when neither the estate of Louis Feist nor anyone purporting to be an administrator or executor of the estate, or succession, of Louis Feist has sued Universal, or is otherwise before this Court.
The Feists, individually, sued Universal. They prayed that the judgment of possession be annulled. They are entitled to this relief. They further prayed for money *518 judgments in their favor against Universal. They are not so entitled. There was and is nothing more sought in these proceedings, and, as earlier related, there is no succession representative before the Court.
There is another reason why this case should be remanded, considering that we are reversing the judgment against Universal in favor of the Feists. The Feists in their petition allege that Louis in fact survived Betty Jean, and only alternatively, that the couple died simultaneously. There has been no trial on the merits, nor does the record before us indicate that petitioners have abandoned this primary contention. Nor is there any affidavit attached to the motion for summary judgment touching upon the point. Whether the evidence will establish their primary or alternate contention in this regard has no bearing upon the validity of judgment herein annulling the judgment of possession (which recognizes Mrs. Shaffer as entitled to the proceeds), for in either event Mrs. Shaffer is not directly entitled to the entire insurance proceeds. It would however, have bearing upon who should receive the proceeds from or through the Succession of Louis Feist, as would the factors illustrated earlier in footnote 7.
For the foregoing reasons the judgment insofar as it annuls that portion of the August 23, 1963 judgment of possession ordering proceeds of Group Life Insurance Policy #503, Certificate #787 paid to Mrs. Leona Herbert Shaffer is affirmed, the judgment to the extent that it orders Universal to pay the estate of Louis Feist the sum of $5,000 as the face amount of Group Life Insurance Policy #503, Certificate #787 together with interest and costs is reversed, and the case is remanded to the Civil District Court for such further proceedings as may hereinafter be instituted.
Judgment affirmed in part, reversed in part and remanded.
NOTES
[1] It should be noted that the petition did not allege that Betty Jean was younger than Louis, an additional prerequisite under Article 939 in order to establish Betty Jean's presumed survival and Mrs. Shaffer's consequent right of inheritance. The parties have nowhere raised this issue and have briefed and argued the case as if Betty Jean were the presumed legal survivor in the event she and her husband died together under Art. 939. We will therefore assume that Betty Jean was the younger, even though the ultimate result in this litigation would probably be different if the reverse were true.
[2] The claims were on the $5,000 policy on the life of Louis Feist and two policies totalling $2,100 on the life of Mrs. Feist. Dispute on the latter policies are no longer involved in this litigation.
[3] La.R.S. 22:645. Payments of proceeds; simultaneous deaths.

Where the individual insured and the beneficiary designated in a life insurance policy or policy insuring against accidental death have died and there is not sufficient evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary, unless otherwise expressly provided in the policy. Amended and reenacted Acts 1958, No. 125.
[4] La.Civ.Code Art. 939. Sex as factor in determining presumption of survivorship.

If those who have perished together were fifteen years of age or older and under sixty years, the male shall be presumed to have survived, where there was an equality of age, or a difference of less than one year, otherwise the younger must be presumed to have survived the elder whether male or female. As amended Acts 1938, No. 418, § 1.
[5] It is interesting to note that Mrs. Shaffer did not join in this stipulation. As to her, the judgment simply reserved petitioners' rights.
[6] Art. 939 incidentally appears in the Civil Code in Book III, Title I Of Successions, Ch. 4, in what manner successions are opened.
[7] Upon remand, and assuming further proceedings to recover these proceeds, the right of Mrs. Shaffer or anyone else for that matter to receive any portion of the insurance proceeds may be affected by factors which are not established by the record before us. For example, the appearance of any undisclosed descendants of Louis or Betty Jean would materially alter the rights of the parties. Also, any inheritance of the proceeds is dependent upon its classification as community property or as separate property. And finally, whether Louis or Betty Jean was the younger (and this is not disclosed by the record) affects the presumption of survival under C.C. Art. 939.

This is merely to illustrate that the proceedings, so far as the record before us indicates, have not established sufficient facts to permit even speculation as to the ultimate disposition of the proceeds.