No. 3609

Second Circuit

(Second Division)

PARROTT v. SELLERS ET AL.

(June 11, 1931. Opinion and Decree.)

J. W. Jones, of Natchitoches, attorney for plaintiff, appellant.

Gunter & McClung, of Natchitoches, attorneys for defendants, appellees.

CULPEPPER, J. T. B. Sellers, father of defendants, died January 14, 1928, and his wife, defendants' mother, died December 9, 1925. At the time of the death of the former, his property was heavily incumbered; plaintiff being holder of a second mortgage against some of it at the ·time, in the principal sum of $250. The Bank of Robeline also held a first mortgage for a considerably larger sum against the same property on which plaintiff's rested. On March 5, 1928, G. C. English, president of the bank, filed application for appointment as administrator of the succession of said T. B. Sellers, alleging among other things that his bank was a creditor of the succession, and that the heirs had failed or neglected to claim the succession. In due course the application was granted and applicant permitted to qualify without opposition; an inventory having been regularly taken under the application. The administrator soon thereafter petitioned the court for, and obtained, an order to sell the entire property, real and personal, belonging to the succession, for the purpose of paying debts. After the sale was consummated, the administrator filed his final account, setting forth the assets and list of debts, among the latter being the $250 second mortgage debt owing to plaintiff in this suit.

There was also shown on the list of assets, under the head of "Rights and Credits," the sum of $699.42 as being the proceeds of an insurance policy upon the life of said T. B. Sellers, which the administrator had collected. It is shown that the beneficiary named in the policy was Seller's said wife, Mrs. Blanche Sellers, who was living at the time the policy was issued, but had died prior to his death, and under a clause in the policy the proceeds, in event the insured survived the beneficiary, was payable to executors, administrators, or assigns of the assured at his death. The administrator, proceeding in accordance with the provisions of Act No. 88 of 1916, proposed in his final account to pay this insurance money over to the heirs of the deceased T. B. Sellers. The final account was advertised, no opposition made thereto, and in due course homologated, and the funds ordered distributed according to the proposals in the account. The heirs accordingly received the proceeds of the insurance. The other funds were distributed among the creditors as far as the funds went; plaintiff in this suit receiving enough on his second mortgage to reduce it to a balance unpaid amounting to $114.57.

Plaintiff brings this suit to recover said above sum of $114.57, with accrued interest and attorney's fees, from defendants herein, viz.: Elma Sellers, Otto Sellers, Chreistell Sellers, Mrs. Vera May Sellers Weaver, and T. B. Sellers, Jr., as heirs of said T. B. Sellers, deceased, for the alleged reason that defendants accepted the succession of their said father "conditionally" (evidently meant to say unconditionally) and without benefit of inventory, and that they are thereby bound for the payment of the debts of the succession, such as that herein sued for.

Defendants entered a general denial, and specially averred that their father's succession was duly administered, the property sold under order of court, final account duly homologated, funds distributed, and administrator discharged.

The case was tried upon an agreed statement of facts. From a judgment rejecting plaintiff's demands, plaintiff has appealed.

The agreed statement of facts filed in evidence shows that all the property and effects of the succession were sold under the administration opened by the Bank of Robeline, a creditor, and the debts, as listed on final account and tableau of distribution, were paid with the funds as shown on final account, which was duly approved and homologated by the court; that no opposition was made to the account; that defendants received the proceeds of the insurance as heirs of the deceased. The entire proceedings had in the succession were filed in evidence. Defendants did in fact accept the proceeds of the insurance with benefit of inventory as can readily be seen. It was not an unconditional acceptance as apparently alleged by plaintiff. It was also admitted that there was a balance left, unpaid on plaintiff's mortgage note amounting to the sum herein sued for.

The sole question here presented is whether the proceeds of a life insurance policy payable to the estate of a deceased are exempt from the debts of the succession. Act No. 189 of 1914, as amended by Act No. 88 of 1916, provides as follows:

"The proceeds or avails or dividends of all life, including fraternal and co-operative, health and accident insurance shall be exempt from all liability for any debt, except for a debt secured by a pledge of policy, or any rights under such policy that may have been assigned; or any advance payments made on or against such policy." See Succn. of Clement, 146 La. 385, 83 So. 664; Succession of LeBlanc, 142 La. 27, 76 So. 223, L. R. A. 1917F, 1137.

Since the claim of plaintiff falls under none of the exceptions named in the act, it is clear that the claim must fall. The provisions of the act are plain and unambiguous, and are the law on the case.