ST. PAUL, J.
 

 This is an action to set aside a will made in due form by tbe deceased before a notary and tbe requisite number of witnesses. Tbe only grounds set up for alleged insanity of tbe deceased are tbat be was a very sick man at tbe time tbe will was made and for some time before tbat, and tbat be died some 12 hours after making tbe will; and the testimony of two physicians who never saw tbe deceased and testified only from tbe chart kept at tbe hospital where be died, tbat in their opinion tbe deceased was incapable of making tbe will which be did.
 

 But tbe will itself bears no sign of an incapacitated mind; it merely passes over distant relatives and leaves the estate to close friends of long standing. And tbe testimony of the physicians who attended him, of the hospital attendants, of tbe friends who visited him, and of tbe notary and witnesses, is that tbe deceased was possessed of all bis faculties when be made tbe will, and did in fact make it of his own free choice and desire.
 

 Tbe district judge saw no merit in plaintiff’s contention; nor do we.
 

 Plaintiffs’ contention tbat tbe proceeds of certain life insurance policies form no part of tbe estate of tbe deceased and therefore should not be distributed under bis will, is without tbe least merit. If they form no part of tbe estate, then plaintiffs, tbe legal heirs of tbe deceased, have themselves no legal right to those proceeds. But tbe fact is that tbe proceeds of life insurance policy form no part of the estate of tbe deceased only when tbe policy is made payable to some designated beneficiary and not to tbe estate of tbe deceased. See Sherwood v. New York Life Ins. Co., 166 La. 829, 118 So. 35, and authorities there cited. Otherwise, tbat is to say, when tbe policy is payable to tbe estate of tbe deceased, tbe proceeds thereof form ipsissimis verbis part of said estate, and inure, of course, to tbe benefit of tbe heirs, legal or testamentary; even though such proceeds be not available for the payment of tbe creditors of tbe deceased. See Act No. 88 of 1916. If this were not -so, tbe proceeds of such life insurance would belong to nobody, and might be taken by tbe state or retained by tbe insurance company, to the prejudice of all heirs both legal and testamentary; which is, of course, untenable. Tbe expression in Succession of Aronson, 168 La. 887, 123 So. 608, 610, tbat tbe proceeds of life insurance in favor of tbe estate of a deceased “formed no part of bis estate,” was somewhat too broad. Such proceeds, it is true, are not available for tbe payment of tbe debts of tbe deceased (Act No. 88 of 1916); and it is in tbat sense only tbat they “form no part of bis estate.” Thus:
 

 What tbe court meant to say [in Succession of Aronson, 168 La. 887, 123 So. 608] was tbat the proceeds or avails of life insurance policies with respect to creditors and quoad tbe creditors of tbe insured, formed no part of tbe estate of tbe deceased. Succession of Erwin, 169 La. 877, 126 So. 223. Cf. Succession of Cotton, 170 La. 828, 129 So. 361.
 

 Decree.
 

 Eor the reasons assigned, tbe judgment appealed from is affirmed.