183 So. 217

**MICHIELS et al. v. Succession of GLADDEN.**
No. 34883.

June 27, 1938.

Rehearing Denied Aug. 5, 1938.

M. C. Redmond, of Monroe, for plaintiffs.

McHenry, Lamkin & Titche, of Monroe, for defendant.

O'NIELL, Chief Justice.

The question in this case is whether the statute (Act No. 189 of 1914 as amended) which exempts the proceeds or avails of all life insurance from liability for the debts of the insured forbids an insured, who has no forced heir, and whose life insurance is payable to his executors or administrators, or his estate, to stipulate in his will that his executors shall apply the proceeds of his life insurance to the payment of his debts before paying any of the legacies provided for in the will.

The testator, in his will, directed that 40 acres of land which he owned should be sold for cash, and that the proceeds, together with his life insurance, should be applied first to the payment of his debts. Thereafter in his will he bequeathed a legacy of a sum of money to each one of five nieces. His life insurance consisted of a policy for $1,000, payable to his executors or administrators, or his estate. The executors collected on the policy $1,001.46; which, with the proceeds of the sale of the property referred to, was not enough to pay all of the debts of the succession,—though more than enough to pay the preferred claims, such as expenses of last illness, funeral expenses, and costs of court. The executors filed an account, showing the amounts collected, and proposing to pay the preferred claims in full, and to pro-

rate the balance of the funds, including the proceeds or avails of the life insurance, among the ordinary creditors of the testator. The five nieces, or legatees, sued, not as heirs but as legatees, to have the proceeds or avails of the life insurance paid to them, in proportion to the amounts of their legacies. The judge of the district court decided in their favor, maintaining that the statute on the subject, Act No. 189 of 1914, as amended, forbade the executors to apply the proceeds or avails of the life insurance to the payment of the debts of the testator, even though he directed the executors so to do, in his will. The executors appealed from the decision to the court of appeal. That court reversed the decision, and approved the plan of distribution proposed by the executors. The case is before us on a writ of review.

The statute on the subject is Act No. 189 of 1914, as amended by Act No. 88 of 1916, and by Act No. 95 of 1934 and Act No. 155 of 1934. Neither one of the acts of 1934 makes any reference to the other act of that year. Each act purports merely to amend and re-enact the act of 1914, as amended by the act of 1916. Some question may arise, therefore, as to whether both of the acts of 1934 are in effect, in some respects. But that is a matter of no importance in this case. The only pertinent part of the statute is that which declares that the proceeds or avails and dividends of all life insurance are exempt from liability for any debt, except for a debt secured by a pledge of the policy, or any right under the policy that may have been assign-

ed, or any advance payment made on or against the policy.

This court has not had occasion heretofore to decide the question that is presented in this case. The court has decided, however, in at least two cases, that the proceeds or avails of life insurance, where the policy is payable to the executors or administrators, or the estate, of the insured, form a part of his estate, and are subject to disposal by testament, like any other part of the estate. Succession of Cotton, 170 La. 828, 129 So. 361; Succession of Dumestre, 174 La. 482, 141 So. 35. The only difference between the life insurance belonging to the estate of the insured, and the other property belonging to his estate, is that the life insurance is not—and the other property is—liable for his debts without his consent.

The decision rendered by the court of appeal in this case conforms with the decisions in two States having statutes similar to the Louisiana statute, exempting the proceeds or avails of life insurance from liability of the debts of the insured. In the case of Union Trust Co. v. Cox, 1902, 108 Tenn. 316, 67 S.W. 814, the estate of the testator consisted almost entirely of life insurance, payable to his executors, administrators and assigns. In his will, he directed, first, that all of his just and honorable debts should be paid, and thereafter that all funds remaining should be invested for the benefit of his wife and children, so that each of the beneficiaries should receive an equal proportion of his entire effects, "including all insurance." It was held that the will authorized the applica-

tion of the proceeds of the life insurance policies to the payment of the debts of the testator, notwithstanding the proceeds of the insurance would have passed to the wife and next in kin, in the absence of a testamentary disposal of such proceeds. The statute on the subject, (Shannon's Code, § 4030) declared that the proceeds of all life insurance policies should pass to the widow and next in kin, free from claims of creditors.

In the case entitled In re Caldwell's Estate, Davidson Realty Co. v. Caldwell, 1927, 204 Iowa 606, 215 N.W. 615, it was held that a devise in trust of the proceeds of the testator's life insurance policies, which were payable to his executors, administrators, or his estate, being declared by the testator to be made subject to the previous provisions of his will, which included a direction that all just debts should be first paid, evinced a clear intent of the testator to provide for the payment of his debts out of the proceeds of his life insurance. It was held also that the Statute (Section 8776 of the Code of 1924) exempting the proceeds or avails of all life insurance from liability for the debts of the insured, did not interfere with the right of the insured to make a testamentary disposition requiring that all of his debts should be paid out of the proceeds or avails of his life insurance. The court said (page 616):

"The devise of the proceeds of the testator's policies of life insurance is specifically made subject to the prior provisions of the will. This, it seems to us, evinces a clear purpose on his part to provide for the

payment of his debts out of the proceeds of his life insurance. The first item of the will relates to the payment of debts and other expenses, and the clause quoted makes the bequests thereof subject to the prior provisions.

"This being the intention of the testator clearly expressed in the will, the next and more important and difficult question presents itself: Did the testator have a right, first, to dispose of the proceeds of life insurance by will, and second, to subject the same to the payment of his debts? The first question is answered by the recent decision of this court in Miller v. Miller, 200 Iowa, 1070, 205 N.W. 870, 43 A.L.R. 567, and need not be discussed herein. Commencing with the Code of 1851, there has at all times been a provision in the statutes of this state exempting the avails of life insurance from the debts of the deceased, except where the same is made liable by special contract or arrangement with the decedent. Section 1330, Code 1851; section 2362, Revision 1860; sections 1182 and 2372, Code 1873; section 1805, Code 1897; section 8776, Code 1924. The language employed by the Legislature at the time of each revision of the Code has been varied somewhat, but the substance is identical. We held in Miller v. Miller, supra, that these statutes have not limited and do not limit the right of the insured to make testamentary disposition of life insurance. They were designed to protect the wife and children against the claims of creditors of the decedent. In other words, the statute has always exempted life insurance from the payment of the debts of the de-

ceased insured, but were they designed to limit the right of the insured to dispose thereof by will? We think not. * * *

"The right of the insured to dispose of life insurance by will necessarily carries with it the right to set the same aside for the payment of debts."

 When we say that the right of the insured to dispose by testament of life insurance belonging to his estate carries with it the right of the insured to direct his executors to apply the proceeds of his life insurance to the payment of his debts, we are speaking of a case where there is no forced heir. We are not prepared to say that a testator may dispose of his life insurance to the prejudice of the legitime of a forced heir, even for the purpose of paying the debts of the testator. It does not require a testamentary disposal to subject other property of the testator—other than the proceeds or avails of his life insurance—to the payment of his debts. That is the difference which the act of 1914 makes between the life insurance and the other property belonging to a testator.

The judgment of the court of appeal is affirmed.