**HOGAN v. HALL.**

No. 9483.

Circuit Court of Appeals, Fifth Circuit.

March 7, 1941.

248

Chas. T. Madison and Harry F. Stiles, Jr., both of New Orleans, La., for appellant.

John T. Charbonnet and Charles I. Denechaud, both of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal attacks the disposition made in the court below of the proceeds of an insurance policy issued on the life of Dr. E. A. Hogan, a resident of Louisiana. The contest, upon interpleader, lies between Mrs. Ethel T. Hogan, widow in community and universal legatee of the deceased insured, and Dr. J. C. Hall, who claims to be the beneficiary of the policy.

Exclusive of issues under alternative pleas, which we need not mention in view of our decision, the questions presented are: (1) Was Dr. Hall's designation as beneficiary in accordance with the legal requirements of the policy? (2) Was the policy subject to surrender in bankruptcy, so that the designation of Hall as beneficiary subsequent to the adjudication constituted a voidable preference? (3) Was Mrs. Hogan entitled to one-half of the premiums paid upon the policy from community funds?

When the policy was issued in 1927, Hogan's estate was named as the beneficiary. Hogan was indebted to Dr. Hall, and, in 1928, he delivered the policy to him "as collateral in event of my death on notes I owe you." In 1932, Hall inquired of the insurer about the status of the policy and advised it that he held a written assignment thereof. The company had no notice of any assignment, and so notified Dr. Hall, who prevailed upon Dr. Hogan to execute a request to change the beneficiary to Dr. Hall. In the request, Dr. Hogan represented that no assignment of the policy was then outstanding.

On May 14, 1932, two weeks before the insurer completed the change of beneficiary, Dr. and Mrs. Hogan were adjudicated bankrupts on their voluntary petition. Neither the schedules of assets nor of exempt property listed this policy, except that exemptions were claimed "according to Louisiana law." The referee treated the insurance as exempt property, and Dr. Hall filed no claim, because he considered himself to be a secured creditor. The insurer made the change of beneficiary on May 31, 1932.

The net assets of the community of gains and acquets existing between Dr. Hogan and his wife at the time of his death aggregated $1,604.03. Mrs. Hogan received one-half of this sum in her own right as surviving spouse, and the other half as the decedent's universal legatee. No mention of the policy in suit was made in the succession proceedings.

The bankruptcy court looks to the state law to determine the extent of a bankrupt's exemptions, from what property they are allowable, and how they may be claimed.[1] The law of Louisiana exempts the proceeds of life insurance policies from the payment of any debts without limitation upon the amount thereof or the exercise of any election.[2] The exemption is absolute.[3]

Since the policy was not property subject to the use and control of the bankruptcy court, and since the creditors of the bankrupt could not be prejudiced by any

[1] In re Rosenberg-Oldstein Co., D.C., 236 F. 812; Stewart v. Ganey, 5 Cir., Nov. 19, 1940, 116 F.2d 1010; Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24.

[2] Succession of Le Blanc, 142 La. 27, 76 So. 223, L.R.A.1917F, 1137; Succession of Erwin, 169 La. 877, 126 So. 223; Nulsen v. Herndon, 176 La. 1097, 147 So. 359, 88 A.L.R. 236; Act 189, Gen. Assembly of La. 1914.

[3] In re French, D.C., 231 F. 255; Succession of Aronson, 168 La. 887, 123 So. 608; Parrott v. Sellers, 16 La.App. 595, 135 So. 73; Succession of Dumestre, 174 La. 482, 141 So. 35.

disposition made thereof, the designation of Dr. Hall as beneficiary, though made after the adjudication, was not a voidable preference.[4]

Property conclusively exempt by law from the use of creditors in bankruptcy proceedings remains an asset of the bankrupt, and subject to his use, control, and disposition.[5] The change of beneficiary made by Dr. Hogan was the exercise of a right vested in him by the insurance contract; it was made in accordance with the policy provisions relating thereto; and the beneficiary thereby designated was entitled to receive the proceeds of the policy.

Appellant insists that, although the proceeds of the policy may belong to another, she is entitled to recover one-half of the premiums paid upon the policy from funds in the community. The court below correctly disposed of this contention. Appellant received one-half of the decedent's estate as his surviving spouse in community, and the remainder as his universal legatee. Had the premiums been paid entirely from the insured's funds, the estate inherited by appellant from him presumably would have been proportionately reduced. She received the full amount of the undiminished estate, and was therefore paid in full.

The record presents no reversible error. Affirmed.

---

[4] Lockwood v. Exchange Bank, 190 U. S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Cowan v. Burchfield, D.C., 180 F. 614.

[5] Lockwood v. Exchange Bank, supra.