444 So.2d 639 (1983)
Gloria Landry McCLELLAND
v.
Bobby CLAY.
No. 83-CA-439.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
Rehearing Denied February 17, 1984.
Ronald J. Landry, LaPlace, for plaintiff-appellee.
Daniel E. Becnel, Jr., Reserve, for defendant-appellant.
Before BOUTALL, CHEHARDY and GAUDIN, JJ.
CHEHARDY, Judge.
This is a suit on a note for $5,266.06 executed by the late Isaac Clay in favor of his concubine Gloria Landry McClelland. Mrs. McClelland instituted this suit against decedent's brother Joseph Bobby Clay, claiming he unconditionally accepted his brother's succession, and therefore is liable on the note.
Following trial, judgment was granted in favor of plaintiff. Defendant has appealed.
The record reflects the following facts: After the death of his brother Isaac, defendant signed an agreement with the undertaker to pay the funeral expenses.
Defendant paid these expenses by withdrawing funds from a bank account belonging to his late parents which was used as a fund whereby various family members would withdraw funds as needed and repay the money at a later date. The fund operated as an interest-free loan for the family when necessary.
Several days after the death defendant found out that his brother had a $20,000 life insurance policy at his place of employment and that defendant was the named beneficiary. He collected the proceeds of the policy and repaid the family fund for the money he had withdrawn to pay the funeral expenses.
Mrs. McClelland had anticipated that she would be named beneficiary. When defendant failed to give her any of the proceeds she instituted this suit on the note.
In finding for the plaintiff the trial judge held that acceptance of the proceeds of the life insurance policy and payment of the funeral expenses out of a fund which belonged partially to the decedent constituted unconditional acceptance of the succession.
*640 The trial judge recognized his error, and plaintiff now concedes that the proceeds of a life insurance policy form no part of the estate when the policy is made payable to a designated beneficiary. LSA-R.S. 22:647, 648, 649; Succession of Dumestre, 174 La. 482, 141 So. 35 (1932).
Neither are such proceeds liable for decedent's debts, subject to community rights or to reduction or collation. Ticker v. Metropolitan Life Insurance Co., 11 Orl.App. 59 (1914).
However, the trial court refused to grant a new trial because of payment of the funeral expenses from the family fund, which he found constituted unconditional acceptance of the succession.
The acceptance of a succession is a question of fact, as clearly disclosed by Article 988 of the revised Civil Code:
"The simple acceptance may be either express or tacit.
"It is express, when the heir assumes the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding.
"It is tacit, when some act is done by the heir, which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir.'"
There must be an intention to accept. LSA-C.C. art. 989. And Article 990 recites, "It is necessary that the intention should be united to the fact, or rather manifested by the fact, in order that the acceptance be inferred."
The acceptance of a succession by heirs must appear in terms so clear as to leave no doubt regarding intention to accept under full responsibilities attaching to acceptance. Vuillemont v. Gonsulin, 134 So. 419 (La.App. 1st Cir.1931).
While the acceptance of a succession may be established against an heir by proof of payment of its debts by him, the payment of funeral expenses does not constitute acceptance.
C.C. art. 1001 provides:
"An act of piety or humanity towards one's relations is not considered an acceptance; it is not therefore an acceptance to take care of the burial of the decease [deceased], or to pay the funeral expenses, even without protestation."
The fact that defendant paid for the funeral expenses with money used by all of the family for emergencies does not imply to us a tacit acceptance of the succession. The funds belonged to the deceased parents and apparently no succession had ever been opened. It is also possible decedent himself may have used the fund and actually owed it money.
There is insufficient evidence in the record to indicate that defendant's actions constituted an unconditional acceptance of his brother's succession.
For the reasons assigned the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of defendant Joseph Bobby Clay and against plaintiff Gloria Landry McClelland dismissing her suit.
Cost in this court is to be paid by appellee.
REVERSED.