CHEHARDY, Chief Judge.
This is a dispute between two legatees over the construction of a testamentary provision. The testator, Reinhard R. Kolbe, left a valid olographic will written in the German language. The parties agree the following is a correct translation of the dispositive portion:
“In the event of my death, Mr. Helge Petersen, 2-Hamburg 50, Jessenstr. 14, Telephone 38 7350, shall be my sole heir (H.P. is my deceased wife’s son from her first marriage). Mr. Petersen shall transfer $10,000 to my secretary, Miss Marie Vinterella.” (Emphasis added.)
Petersen and Dan J. Olave, as dative testamentary co-executors of the succession, and Petersen individually, petitioned the district court for a declaratory judgment regarding the transfer of $10,000 to Marie Vinterella, alleging the provision could be construed as a legacy, as a mere precatory wish or as a prohibited substitution.
Petersen moved for summary judgment, which the district court denied. The court stated that the bequest to Vinterella is neither a prohibited substitution nor a fidei commissum, but rather a particular legacy, and that the bequest to Petersen is a universal legacy.
The matter was thereafter submitted on the record, without trial. Citing the reasons assigned in the earlier judgment denying summary judgment, the court decreed that Marie Vinterella is a legatee of the decedent’s estate and ordered the dative testamentary co-executors to deliver the $10,000 to her. Helge Petersen appealed.
Substitutions and fidei commissa were. formerly prohibited by both the Louisiana Constitution of 1921, Art. 4, Sec. 16, and by our Civil Code, Article 1520.
“The essential elements of the prohibited substitution are that the immediate do-nee is obliged to keep the title of the legacy inalienable during his lifetime, to be transmitted at his death to a third person designated by the original donor or testator. Such a disposition is null even with regard to the original donee or legatee. In the fidei commissum, whereby the donee or legatee is invested with the title and charged or directed to convey it to another person or to make a particular disposition of it, only the charge or direction, as to the ultimate disposition of the donation or legacy, is null and is to be considered not written, leaving the donation or bequest valid as to the donee or legatee. A substitution is an attempt on the part of the donor or testator to make a testament for his do-nee or legatee along with his own will, and to substitute his own will for the legal order of succession from his donee or legatee.” Succession of Reilly, 67 So. 27, 32 (La.1914).
The prohibition against fidei commissa was removed from both the 1921 Constitution and the Civil Code by 1962 amendments. In the 1974 Constitution, the prohibition against substitutions was removed. *1156 The only remaining prohibition of substitutions is contained in Article 1520, which is still in the form provided by the 1962 amendment:
“Substitutions are and remain prohibited, except as permitted by the laws relating to trusts.
“Every disposition not in trust by which the donee, the heir, or legatee is charged to preserve for and to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee.”
To be a prohibited substitution, a legacy must constitute a double disposition, in full ownership, of the same thing to persons called to receive it one after the other; it must impose upon the first beneficiary a charge to preserve and transmit the thing for the benefit of the second beneficiary; and it must establish a successive order that causes the substituted property to leave the inheritance of the burdened beneficiary and enter into the patrimony of the substituted beneficiary. Baten v. Taylor, 386 So.2d 333 (La.1979).
To create a substitution the testator need not use the identical terms found in Article 1520. It suffices if the charge to preserve and deliver necessarily results from the tenor of the disposition or that it is impossible to execute the disposition without preserving and making restitution of the property given or bequeathed. Baten v. Taylor, supra. Where a clause is a prohibited substitution, the entire disposition is null and the property included therein falls intestate.
“The prohibition against substitutions is in derogation of the faculty of disposition of property; it should be strictly construed and restricted to those cases clearly falling within the requirements above. * * * When the terms of a disposition attacked as a prohibited substitution are susceptible to interpretation in two ways — one that the disposition contains the elements of a prohibited substitution, and the other that it does not contain them — it is preferable to uphold the interpretation that maintains the disposition.” Succession of Moran, 479 So.2d 350, 352 (La.1985).
Here, the testator first made Helge Petersen his sole heir, then ordered Petersen to transfer $10,000 to Marie Vinterella. Petersen contends this is a prohibited substitution because by the language of his will the testator attempts to control from beyond the grave how Petersen shall dispose of a portion of his patrimony.
Vinterella, on the other hand, analogizes this case to Succession of Kern, 252 So.2d 507 (La.App. 4 Cir.1971), writ refused 259 La. 1050, 254 So.2d 462, in which the testator left the remainder of his property to his brothers and sisters, with the stipulation that a $10,000 bequest to a hospital should come from the portion of a particular sister. The Kern court ruled that since that sister never received the money, it could not be said that she was charged to preserve it for a third person.
The cardinal rule in interpreting testaments is that the court must endeavor to ascertain the intent of the testator, without departing from the proper meaning of the terms of the testament. LSA-C.C. art. 1712. A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none. LSA-C.C. art. 1713.
If a will was written in laymen’s terms and without the aid of counsel, the courts must exempt language from technical restraint and seek the clear intention of the testator in a purpose consistent and rational with upholding the testament. Succession of Moran, supra. The court must presume the testator did not intend to make an invalid disposition. Succession of Materiste, 273 So.2d 617 (La.App. 1 Cir.1973).
Kolbe was survived by one forced heir, Ellen Kolbe Hennig, a resident of Germany. She was not mentioned in the will. (After the succession was opened, Ellen Hennig sold her entire interest in the succession to Helge Petersen, as evidenced by an authentic act filed in the record.) Judging from the language of the will, it is *1157 apparent Kolbe drafted it without legal advice. We construe Kolbe's reference to Petersen as his “sole heir” as indicating his intention to negate any claims against his estate by his daughter.
However, Kolbe obviously intended that his secretary should have $10,000 of his estate. We interpret the language stating “Mr. Petersen shall transfer $10,000 to Miss Vinterella” in the light of designating Petersen as an executor rather than as intending to control disposition of Petersen’s patrimony. Accordingly, we find the clause is not a prohibited substitution. We agree with the trial court’s determination that the clause was intended to be a particular legacy to Miss Vinterella.
Considering our conclusion, we need not address Vinterella’s argument that the disposition could be considered a testamentary trust.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.