JOHN A. PATIN, Judge Pro Tern.
Everett Wayne Weeks, died on July 26, 1987. His olographic testament was probated and a judgment of possession was rendered on December 10, 1987, placing his surviving spouse and his heirs, appellees herein, in possession of his estate.
On December 12,1988, Patrick Cochrane, appellant herein, filed a petition to re-open the succession, annul the judgment of possession and place him in possession of his bequest. The provision of the testament at issue states:
2. My insurance thru Soloco ($87,000)— This should go to you with the exception of $10,000.00. I want this amount to go to Patrick N. Cochrane — 203 Stephanie St., Laf., La. because he has been such a good friend to me before, during and after my divorce. (R.p.8.)
*392 Ada Caddell Weeks, the testator’s wife, is the named beneficiary under the Soloco life insurance policy mentioned above.
Appellant’s action was heard before the trial court on February 12, 1990. Following the presentation of appellant’s case, the appellees orally moved to dismiss Coch-rane’s case. The trial court, for oral reasons, granted the motion to dismiss. From this ruling of the trial court, appellant appeals.
The general rules for the interpretation of legacies are provided by our Civil Code.
La.Civ.Code art. 1712:
In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.
La.Civ.Code art. 1713:
A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none.
La.Civ.Code art. 1715:
When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention.
Applying these articles to the provision of the testament at issue, we see that although the testator intended $10,000 to go to the appellant (“... $10,000.00 I want this to go to Patrick N. Cochrane ...”), he also identified the source of those funds as “My insurance thru Soloco,” and specified that the $10,000 would come from that insurance money (“... My insurance thru Soloco ($87,000) — This should go to you with the exception of $10,000.00 I want this amount to go to Patrick N. Cochrane ...”). Further evidence that the $10,000 appellant claims as his legacy was to come from the insurance money is provided by the fact that the testator used different paragraphs to discuss each of his assets and also included a residual legacy at the end of his testament.
Finding that the testator attempted to bequeath life insurance money to the appellant, we turn to T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976), to examine whether this court can enforce such a legacy. This case involved the distribution of proceeds from an employee’s profit-sharing plan, retirement plan and life insurance policy. In discussing a wife’s community property rights in regard to a life insurance policy acquired during the marriage, the Louisiana Supreme Court also reiterated some principles of Louisiana Insurance Law which are of aid to us here. The court explained that life insurance has always been treated as sui generis in Louisiana, and thus the rules of law in the civil code simply do not apply to life insurance. Furthermore, citing La.R.S. 22:647, the court noted that this concept had been embodied in the statutory law.
La.R.S. 22:647 A provided in relevant part, at the time of this case, as follows:
The lawful beneficiary, ... of a life insurance policy ... heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, ...
The reason for this extraordinary limit on a testator’s ability to decide where his assets shall go after his death was also provided in T.L. James & Co., Inc., supra, in that:
It is well settled in Louisiana that the proceeds of life insurance, if payable to a named beneficiary other than the estate of the insured, are not considered to be part of the estate of the insured. They do not come into existence during his life, never belong to him, and pass by virtue of the contractual agreement between the insured and the insurer to the named beneficiary. T.L. James & Co., Inc., supra at 847.
Appellant urges us to find the testator’s wife to be the executrix of the will, and find her ordered to give $10,000 to the appellant, citing Succession of Kolbe, 499 So.2d 1154 (La.App. 5th Cir.1986). Succession of Kolbe involved the interpretation of *393 a provision in an olographic testament instructing the sole heir to transfer $10,000 to the testator’s secretary. The court found the language to designate the sole heir as executor. However, Succession of Kolbe, supra, cannot control here because it did not involve life insurance proceeds payable to a named beneficiary pursuant to a life insurance contract on the life of the testator. Thus, the opinion did not address the implications of a life insurance contract, and there seems little doubt that such a fact would have affected the courts opinion. T.L. James & Co., Inc., supra. La.R.S. 22:647(A) (1978 & supp. 1991). Furthermore, in Succession of Kolbe, supra, the court found the “sole heir” as designated in the will by the testator to be the executor. In the present case the testator’s wife is neither the sole heir, nor is she designated in any role whatsoever by the testator.
Even if we were to find the testator’s wife to be an executrix, appellants reliance on Michiels v. Succession of Gladden, 190 La. 917, 183 So. 217 (1938), to argue that life insurance proceeds, when payable to an executor, do form part of the estate of the deceased and are subject to disposal by testament, seems misplaced. Such a holding would not be consistent with either La.R.S. 22:647A or the T.L. James & Co., Inc., supra, decision. Furthermore in Succession of Onorato, 219 La. 1, 51 So.2d 804 (1951), the Louisiana Supreme Court made the following statement in regard to the Michiels, supra, decision, which we note involved facts not present here (the life insurance policy was payable to the testator’s executors, or administrators, or his estate):
We are not called upon in the instant case to express any opinion as to the correctness of our holding in that case, but, if the last will and testament of the deceased therein can be considered a waiver of the exemption in some other way or by some other means than those provided in thé statute itself, and possibly it can, we do not propose to extend any further the right of the insured to waive the exemption, ... Succession of Onorato, supra at 810.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.