607 So.2d 996 (1992)
SUCCESSION OF Bertrand N. SWEENEY, Jr. (Children of Decedent), Intervenors-Appellants.
No. 91-997.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
Writ Denied January 15, 1993.
*997 Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, Jr., Opelousas, for intervenors-appellants.
Chambers & Trahan, Noble M. Chambers, John D. Trahan, Crowley, for Adm'r of Estate/Howard Sweeney.
Robert L. Bailey, III, Mandeville, for Greater Mandeville Credit Union.
Hall, Lentini, Mouledoux & Wimberly, Warren E. Mouledoux, Jr., Metairie, for creditors, Blitch, etc.
J. Jake Fontenot, Mamou, for creditor Farm Credit Bank.
Edwards Stefanski, Homer Ed Barousse, Jr., Crowley, for creditors1st Nat. Bank of Crowley.
Landry, Rogers & Landry, J.W. Landry, Jr., Crowley, for creditorBank of Commerce.
Caffery, Oubre, Dugas & Campbell, Lewis H. Pitman, Jr., New Iberia, for widow.
Before DOUCET and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
BERNARD N. MARCANTEL, Judge Pro Tem.
The issues presented in this appeal are (1) whether life insurance proceeds left to the estate are exempt from claims of creditors under LSA-R.S. 22:647 when the decedent specifies in his last will and testament that his first bequest is the payment of succession debts; and, (2) whether the assignment language in a mortgage entitles Farm Credit Bank of Texas to the life insurance proceeds as security for the indebtedness owed.
This appeal arises from a summary proceeding instituted by the Administrator of the Succession of Bertrand N. Sweeney, Jr., seeking to make a distribution to a testamentary trust of certain life insurance benefits which were payable to and received by the Succession of Bertrand N. Sweeney, Jr.
The proposed distribution was opposed by several creditors, including Farm Credit Bank of Texas, First National Bank of Crowley, Rayne State Bank and Trust Company, American Bank of Welsh, Bank of Lafayette, and First Bank of Slidell.
The trial court denied the request of the administrator to disburse the life insurance monies and, further ordered the administrator to "hold the funds for the payment of the debts of the estate insofar as they don't impinge on the legitime of the children." It is from this ruling that intervenors, the children of Bertrand N. Sweeney, Jr., timely appeal and Farm Credit Bank of Texas, First National Bank of Crowley, American Bank of Welsh, Bank of Lafayette, First Bank of Slidell, and Rayne State Bank and Trust Company, answered the appeal.

FACTS
Bertrand N. Sweeney, Jr., died on June 26, 1987, leaving a last will and testament, which he executed on July 6, 1984 and which was probated on July 6, 1987, without any opposition or any claim of invalidity or defect as to form or substance.
Portions of the will that are pertinent set forth the following directions:
"First: I desire that all my just debts be paid.
* * * * * *
Fourth: Subject to the foregoing bequest, I give and bequeath unto Rayne State Bank & Trust Company, Rayne, Louisiana, as Trustee, in Trust, to hold in *998 Trust for my eight children ... all my remaining property, real, personal or mixed that I own at the time of my death to be held in Trust ... after payment of all costs, debts and expenses, the income from each trust shall be distributed to the beneficiary on a quarterly basis.... * * *"
When Mr. Sweeney died, there existed a life insurance policy that had been funded through his employer, Stamm-Scheele, Inc. The policy provided life insurance in the amount of $500,000.00.
Decedent designated the benefits be paid one-half to his wife, Marguerite Dominque Sweeney, and the remaining one-half be paid to the Succession of B.N. Sweeney, Jr.
The insurance company has paid to the administrator of the Succession of Bertrand N. Sweeney, Jr., the sum of $265,000.00, representing principal and accumulated interest which is presently held in deposit at Rayne State Bank & Trust Company. The administrator of the succession made application for authority to transfer the proceeds to the Trust established in the testament for the benefit of the children of Bertrand N. Sweeney, Jr.
Oppositions to this application were filed by various creditors contending that the Last Will and Testament contained a provision stating that all debts be paid first and that the life insurance proceeds were subject to their claims as creditors.
The eight children of decedent intervened in the proceeding claiming that, under the provisions of La.R.S. 22:647, the life insurance proceeds payable to the estate were exempt from the claims of the creditors.

LAW
La.R.S. 22:647 states in pertinent part:
"A. The lawful beneficiary, assignee, or payee, including the insured's estate, of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use....
* * * * * *
E. There shall be excepted from the provisions of this Section a debt secured by a pledge of a policy, any rights under such policy that may have been assigned, and any advance payments made on or against such policy."
This statute as written specifically exempts life insurance policies payable to the insured's estate from the payment of any debt of the person effecting the policy. There are exceptions contained in Section E.
In Succession of LeBlanc, 142 La. 27, 76 So. 223 (1912), Justice O'Neil discusses, 76 So. at page 226, the legislative intent in excepting life insurance payable to the estate from the reach of creditors.
"The terms of the statute are sufficiently broad and comprehensive to exempt the proceeds or avails of life insurance from liability for debts due by the succession of the insured after his death, as well as to exempt the cash value or surrender value of policies of insurance during the lifetime of the insured. In fact it is difficult to conceive of more comprehensive or plainer language than the Legislature has used to exempt from liability for the debts of the insured, after his death, the proceeds or avails of life insurance paid or payable to his estate, his executors or administrators. The proceeds or avails of life insurance means the amount collected from the insurance company or companies; and, as a general rule, there are no proceeds or avails of life insurance until the death of the insured.... We cannot believe that the Legislature intended to exempt from seizure or liability for debt, only during the lifetime of the insured, the cash value or surrender value of policies of life insurance made payable to the insured, *999 his executors or administrators, and did not intend to exempt from liability for debts of the insured the proceeds or avails of life insurance made payable to his estate and collected by his executors or administrators after his death.
The proceeds or avails of life insurance in favor of a beneficiary other than the estate of the insured, his executors or administrators, is not liable for the debts of the insured. Hence it could not have been the intention of the Legislature that the exemption, from liability for debts of the insured, of the proceeds or avails of life insurance collected after his death, should apply only to insurance in favor of a beneficiary other than the person whose life was insured, and not to insurance in favor of the estate, the executors or administrators, of the insured."
The court concluded:
"Our opinion is that the language of the statute, that the proceeds or avails of all life insurance shall be exempt from all liability for any debt, expresses the intention that the exemption shall survive the person insured and inure to the benefit of his heirs at law if the insurance be payable to his estate, his executors or administrators."
Appellee, Farm Credit Bank, does not refer to the clear language of the statute, but states the emphasis should be placed on the language in the testator's will which it contends is unequivocal. Farm Credit Bank contends the real issue is whether the statute exempts life insurance proceeds payable to the estate from the debts of the insured when the testator specifically directs in his will that it is first his desire that all of his debts be paid, citing Michiels v. Succession of Gladden, 180 So. 862 (La. App. 2 Cir.), 190 La. 917, 183 So. 217 (1938), as authority.
In Succession of Gladden, supra, the olographic will left by John T. Gladden provided in pertinent part at page 863:
"`* * * the forty acres of land in Section 2, Township 15 North, Range 2 East, being the NE¼ of SE¼ of said section to be sold for cash and the proceeds together with my life insurance to be distributed as follows:
First: All of my honest debts to be paid save and except the mortgages on the property left to Hooter and David which said mortgages they are to assume.'"
Testator specifically instructs that the cash received from selling his land, together with the life insurance monies, must be first applied to the payment of his debts. We distinguish the case sub judice by the fact that testator merely desired his debts be paid, which is precatory in nature and not specific. Also, this language does not meet the test of Section E of La.R.S. 22:647 which requires "a pledge of a policy any rights under such policy that may have been assigned, and any advance payments made on or against such policy."
Therefore, considering the clear language of the statute, the intention of the legislature, and the precatory statement by the testator, we reverse the trial court and hold that the insurance proceeds payable to the estate should be released to the administrator of the Succession of Bertrand N. Sweeney, Jr. for payment to the trust.
Appellee, Farm Credit Bank, also contends that the proceeds should be assigned to it as security for its debt because of assignment language in the mortgage which it held. The life insurance policy was purchased subsequent to the date of the mortgage. Requirement of insurance is as follows:
"3. To obtain and carry credit life insurance on the life of mortgagor and/or to assign the Benefits (both cash value and/or death benefits) of any existing insurance on the life of the mortgagor, when required by mortgagee, any policy evidencing such insurance to be deposited with any loss thereunder to be payable to mortgagee as its interest may appear."
The record does not reflect a later demand upon the mortgagor by the mortgagee for an assignment of life insurance proceeds, thereby making the obligation executory. Therefore, appellee, Farm Credit *1000 Bank, is not entitled to the life insurance proceeds as security for its debts.
For the foregoing reasons, the judgment of the trial court is reversed. Costs are assessed to appellees, Farm Credit Bank of Texas, First National Bank of Crowley, Rayne State Bank & Trust Company, American Bank of Welsh, Bank of Lafayette, and First Bank of Slidell.
REVERSED AND RENDERED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.