11WOODARD, Judge.
On October 14, 1991, Leewood Romero was the driver, and his wife, Ingrid Brous-sard Romero was the guest passenger, of a pickup truck that was involved in an automobile accident. As a result, Ingrid Broussard Romero was instantly killed. Leewood Romero initially survived the accident but died while en route to the hospital.
Derrick Jade Duhon and Duston Jade Du-hon, born during Ingrid’s previous marriage to Dexter James Duhon, brought a tort claim for wrongful death damages against the Succession of Leewood Romero on the grounds that he was at fault in causing the accident which killed Ingrid Broussard Romero.
The life of Ingrid Broussard Romero was insured by two policies of life insurance with Commonwealth Insurance Company. Lee-wood Romero was named the beneficiary of the policies and there was no alternative beneficiary. Pursuant to the policies, Commonwealth issued cheeks made payable to the Estate of Leewood Romero. These funds were deposited into an estate checking account. A second checking account was opened by the administratrix of the succession, who deposited therein all non-insurance proceeds of the estate. Eventually the ad-ministratrix petitioned the court for authority to sell estate property, which was granted, and funds from these sales were deposited into the l2non-insurance proceeds account. Utilizing these funds the administratrix, pursuant to court order, paid all known preferred creditors of the estate.
A proposed Tableau of Distribution was filed by the administratrix which specifically exempted and excluded the life insurance proceeds paid to the Estate of Leewood Romero from the list of estate debts owed to creditors. Dexter James Duhon, on behalf of his two minor children, filed an opposition to the proposed Tableau of Distribution, arguing that La.R.S. 22:647 was inapplicable to the facts of the case.
After a hearing on the matter, the trial court held the statutory exemption in R.S. 22:647 was applicable and denied Duhon’s opposition to the Tableau of Distribution. This effectively prevented the enforcement of the wrongful death claim because, without the life insurance proceeds, the estate had no assets. This appeal followed.
On appeal, appellant asserts as error the trial court’s determination that the life insurance proceeds payable to Leewood Romero (the beneficiary of the two life insurance policies on his wife), are succession assets which are statutorily exempt from the creditors’ claims against the Succession of Lee-wood Romero. Appellant argues the trial court misinterpreted the specific language of La.R.S. 22:647. We disagree.
ANALYSIS
La.R.S. 22:647 states in pertinent part as follows:
“A. (1) The lawful beneficiary, assignee, or payee, including the insured’s estate, of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, and stick proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his oim use. For purposes of this Subsection, the proceeds and avails of the policy *310 include the cash surrender value of the policy.” (emphasis added).
Appellant’s primary argument is that Lee-wood Romero died long before the contested life insurance proceeds were paid by the Jjinsurer, therefore, the proceeds and avails of the life insurance policy were never “made available for his own use.” Appellant notes that R.S. 22:647 was amended in 1948 to its present form. It previously provided that the proceeds were exempt from all liability for any debt. The language limiting this to debt “existing at the time the proceeds or avails are made available for his own use” was added in 1948. Appellant contends this amended language reflects an intent to allow a living beneficiary of life insurance proceeds to “use” these monies as he sees fit without having to pay it to his own creditors. Appellant characterizes this as a personal exemption, not a heritable one. The fact that his view does not “jive” with the substantive laws of Louisiana pertaining to succession law is irrelevant, according to appellant. We find these arguments unpersuasive.
We believe the correct interpretation of R.S. 22:647 is that the creditor of a beneficiary cannot seize the proceeds and avails of a life insurance policy to satisfy a debt that was in existence at the time the beneficiary was eligible to receive payment of the policy proceeds. Further, appellant’s contention that the statute requires the proceeds to be under the direct control of the beneficiary in order to qualify for. the exemption is an unduly restrictive interpretation of the statute’s language. The legal right to the insurance proceeds came into existence immediately upon Ingrid Broussard Romero’s death, and procedural delays that occur before forms are completed and cheeks are issued should not defeat clear legislation. This view also comports with the succession doctrine of “le mort saiset le vif” or “seizen,” which provides that an heir succeeds instantly to the rights of the deceased.
The jurisprudence has consistently held that the proceeds of a life insurance policy do not form part of the estate when the policy is made payable to a named beneficiary. McClelland v. Clay, 444 So.2d 639 (La.App. 5th Cir.1983). Courts have also held the insurance proceeds paid to the estate of the insured are exempt from seizure for the debts of either the insured or the estate. Succession of Sweeney, 607 So.2d 996 (La.App. 3d Cir.1992), writ denied, 610 So.2d 818 (La.1993).
Therefore, we find the trial court’s decision that the life insurance proceeds are succession assets which are statutorily exempt from creditors’ claims against the Succession of Leewood Romero is in accord with R.S. 22:647 and general Louisiana succession law.
DECREE
For the reasons assigned, the judgment appealed from is affirmed. All costs are assessed to the appellant.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.